[Crim. No. 1516. First Appellate District, Division One.—December 18, 1929.]

THE PEOPLE, Respondent, v. WALTER LINTON, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was charged by an information containing two counts with having committed upon a female child ten years of age the crimes defined by sections 288 and 288a of the Penal Code. When asked to plead to the charges he stood mute, and thereupon the court directed pleas of not guilty and not guilty by reason of insanity to be entered in his behalf to both charges. Upon the first trial a jury found him guilty on both counts, and subse-

quently another jury declared him sane at the time of the commission of the acts charged. The appeal is taken from the judgment of conviction and the order denying his motion for a new trial, twenty-four points being urged as grounds for reversal. In considering these points they will be grouped according to the subjects to which they relate.

Appellant was arraigned on July 17, 1928, at which time he was represented by his present counsel, who requested that appellant be sent to the detention hospital for observation as to his sanity. Such an order was made and the time to plead was continued to August 4, 1928. At that time the examining physicians declared him to be sane. He was then asked to plead to the charges, but, as stated, he stood mute and the court caused the pleas above mentioned to be entered in his behalf; whereupon August 31, 1928, was set as the date for trial. On August 27, 1928, appellant asked leave to file a motion to set aside count two of the information upon the ground that he had not been legally committed by a magistrate; and twice in connection with said motion he sought to introduce in evidence the commitment of the magistrate holding him to answer. He asked also that he be allowed to interpose a demurrer, and at the opening of the trial he objected to the introduction of any evidence in substantiation of the second count upon the ground that the facts stated therein did not constitute a public offense. The trial court ruled adversely on all of the foregoing matters, and we find no error in its rulings.

As said in *People* v. *Magee*, 60 Cal. App. 459 [213 Pac. 513, 514] : "The motion (to set aside the information) having been made after the entry of the plea of not guilty, came too late and it was properly denied." True, the court has power to allow the plea to be withdrawn for the purpose of hearing and determining such a motion, but the exercise of that power necessarily is left to the discretion of the trial judge (*People* v. *Ronsse*, 26 Cal. App. 100 [146 Pac. 65]) ; and in the present case it cannot be said that there was any abuse of such discretion because there was a period of more than two weeks between the dates of the arraignment and the entry of the pleas within which appellant could have availed himself of such motion, if he had so desired. What has been said with reference to the motion to set aside the information applies with equal force

to the ruling as to the demurrer, and conceding that a defendant may, at any time during trial, raise an objection that the facts stated in the information do not constitute a public offense (Pen. Code, sec. 1012), an examination of the information in the present case discloses that the objection made thereto, upon the ground stated, was without merit.

Despite the two rulings of the trial court excluding the commitment from the record, appellant has set forth a copy thereof in full in his brief, and with respect thereto he contends that "the information filed under section 809, Penal Code, as amended in 1927 (Stats. 1927, p. 1045), did not follow the commitment and charged two offenses different from which the defendant had been held to answer, and in violation of article I, section 8, of the state Constitution, and denied defendant due process and the equal protection of the law and violated the Fourteenth Amendment to the United States Constitution"; and incidentally he challenges the constitutionality of the code section above mentioned. Respondent argues that since the commitment was definitely excluded from the record, appellant is precluded on appeal from raising any questions based thereon. In other words, it is contended that appellant is seeking to present for determination on appeal the points which he might have urged in the trial court, if his motion to set aside the information had been seasonably presented. We are of the opinion that respondent's position must be sustained, for, as declared in section 996 of the Penal Code, the failure to file a motion to set aside an information precludes the defendant from afterward asserting the objections upon which he might have relied in furtherance of such a motion. It may be stated, however, that, owing to the nature of the crimes charged and the period of imprisonment prescribed as a punishment upon conviction thereof, we have inquired into said points, and in our opinion they would have been legally insufficient to justify the trial court in setting aside the information, even though a motion for such purpose had been seasonably presented.

During the trial upon the issue of appellant's guilt he sought to introduce evidence relating to his mental condition at the time the crimes were alleged to have been committed, claiming that section 1026 of the Penal Code

excluding that character of evidence was unconstitutional. All of the points urged in support of such claim have been definitely disposed of adversely to his contentions in the case of *People* v. *Troche,* 206 Cal. 35 [273 Pac. 767].

At the trial on the issue of insanity the information upon which appellant was tried and found guilty was read to the jury, and appellant claims that this was error. Obviously, however, the very purpose of the insanity trial was to ascertain whether appellant had reasoning capacity sufficient to distinguish between right and wrong as to the particular acts he was charged with having committed (*People* v. *Troche, supra*), and manifestly the jury could not intelligently determine that question without being first informed as to the nature and character of such acts.

The child testified that at the time the alleged criminal acts were committed upon her appellant exhibited certain pictures, which, according to her description of them, were obscene; and subsequently one of the arresting police officers testified that he found two such pictures among appellant's effects at the time of his arrest. The admission of the evidence was not error for the reason that the exhibition of the pictures tended to show a lewdness of purpose with which appellant accosted the girl, and the officer's testimony was corroborative of the girl's assertion that appellant had exhibited such pictures.

In making the next three points (9, 10 and 11) appellant merely sets forth the bare assignments of error, unsupported by argument or citation of authority, and for that reason said points do not require special attention. All are without merit.

Appellant claims that the court refused to appoint, at the state's expense, a physican to observe his mental condition and to testify as a witness in his behalf, and he contends that this was error. At the time this trial took place the law did not require the court to appoint alienists; nevertheless, the record herein shows that the court of its own motion appointed Dr. Leonard Stocking, medical superintendent of Agnews State Hospital for twenty years, to investigate the sanity of the accused; and afterwards Dr. Stocking testified that in his opinion appellant was sane, and that his opinion was based upon his personal examination and observation of the appellant, and also upon the

testimony given at the trial by the several witnesses as to the appellant's actions and conduct. In our opinion the course taken by the court was not improper, and none of appellant's constitutional rights were violated thereby; furthermore, it is apparent that the testimony given by Dr. Stocking in this behalf was competent, relevant and material to the issue then being tried.

Contention is made also that the court erred in denying appellant's application for a continuance to procure the testimony of appellant's sister to be used upon the trial as to his sanity. But with reference thereto the record discloses that the application was not made until the morning of the commencement of the trial, and that a period of six weeks elapsed between the time of the entry of the plea and the commencement of the trial on said issue, which was ample to procure such testimony if appellant had so desired; moreover, the showing made in support of the application was wholly insufficient to warrant the court in granting the same.

Appellant produced certain witnesses who had observed his conduct and actions while he was in jail, and he sought to have these witnesses give their opinions as to his sanity. Admittedly the witnesses were not alienists, nor were they able to qualify as intimate friends and acquaintances; consequently, their opinions were not admissible. In conformity with the rule in such cases, however, the court allowed said witnesses to describe fully the actions and conduct of the appellant; consequently, no error was committed.

In his argument to the jury during the trial on the issue of insanity the district attorney commented upon the acts alleged in the information constituting the crimes of which appellant had been convicted, and such comment is assigned as error. As heretofore stated, the issue before that jury was whether appellant had sufficient reasoning capacity to distinguish between right and wrong as to these particular acts he was charged with having committed. Clearly, therefore, the district attorney had the right to comment upon the nature of such acts. The remaining points urged in appellant's brief either have been disposed of in connection with those already considered, or do not possess sufficient merit to require discussion.

After examining the entire record, including the evidence, it is our opinion that appellant has been fairly tried, that the evidence is legally sufficient to sustain the verdicts rendered, and that such verdicts have not resulted in a miscarriage of justice. The judgment and order appealed from are therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1930.

All the Justices concurred.