[No. A026359. First Dist., Div. Four. Apr. 13, 1984.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
LARRY LEE KIZER et al., Real Parties in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Herbert F. Wilkinson and Ronald E. Niver, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Craig M. Brown, Singleton & Brown, Beauzay, Hammer, Ezgar, Bledsoe & Sprenkle and Thomas F. Mueller for Real Parties in Interest.

**OPINION**

POCHÉ, Acting P. J.—Larry Lee Kizer and Larry Edward Lowery, real parties in interest herein, were charged by information with offenses arising from the theft of integrated circuits. They were charged with counts of both theft and receiving stolen property and with enhancements of both offenses pursuant to section 12022.6 of the Penal Code,[1] a section which provides increased punishment for "excessive taking." On March 15, 1983, real parties moved, inter alia, to strike the "excessive taking" allegations of counts three and five—counts of receiving stolen property in excess of $100,000 and attempting to receive stolen property in excess of $100,000. The motion was granted on August 3, 1983.

On August 11, 1983, the People filed a notice of intention to file a petition for writ of mandate and on September 22, 1983, filed a timely notice of appeal. Apparently realizing belatedly that the order sustaining a demurrer to less than all of the counts of an information is not appealable (*People* v. *Yoshimura* (1976) 62 Cal.App.3d 410, 413 [133 Cal.Rptr. 228]), the People filed the instant petition for writ of mandate on March 23, 1984.

 Real party Kizer opposes the petition as untimely. Where there is no statutory time limit for the filing of a petition for extraordinary relief, this court will ordinarily consider a petition untimely when filed after the 60-day period applicable to appeals but is not required to do so. (*People* v. *Superior Court (Duran)* (1978) 84 Cal.App.3d 480, 489 [148 Cal.Rptr.

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

698].) In the instant case, the People acted promptly to challenge the ruling on the demurrer, filing both a notice of intention to seek a writ of mandate and a notice of appeal. The Legislature has indicated its intention to give the People a right to appellate review of a trial court decision on a demurrer. (Compare *People* v. *Drake* (1977) 19 Cal.3d 749, 758 [139 Cal.Rptr. 720, 566 P.2d 622].) We consider both of these factors relevant to our decision to consider the petition. Finally, by acting by peremptory writ we can accommodate real party's interest in being tried prior to May 30, 1984, when real party Lowery alleges his bail bond expires. We, therefore, consider the petition on its merits.

Section 12022.6 provides for enhanced punishment for "[a]ny person who takes, damages or destroys any property in the commission or attempted commission of a felony, with the intent to cause such taking, damage or destruction" when the loss exceeds specified amounts.

 Real parties contend that the section may apply only to the theft of property and not to the receiving of stolen property on the theory that a defendant may not be convicted of both stealing and receiving the same property. (See *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706]; *People* v. *Morales* (1968) 263 Cal.App.2d 211 [69 Cal.Rptr. 553].) The issue posed by this petition is not whether real parties may be convicted of both enhancement counts but whether section 12022.6 can be applied only to the initial taker of the property. The theory behind the prohibition precluding conviction of both stealing and receiving the same property is irrelevant to the present inquiry unless the word "takes" is construed as meaning "steal."

 "Steal" is but one meaning of the word "take." (See Webster's New Internat. Dict. (3d ed. 1961) pp. 2232, 2329-2331.) Where a word of common usage has more than one meaning, the one which will best attain the purpose of the Legislature should be adopted in construing a statute. (*People* v. *Hacker Emporium, Inc.* (1971) 15 Cal.App.3d 474, 478-480 [93 Cal.Rptr. 132].) To construe the word "takes" in section 12022.6 as meaning "steals" is to give it a restricted meaning which is inconsistent with the legislative intent of deterring large-scale crime, the legislative goal in enacting the statute. (*People* v. *Kellett* (1982) 134 Cal.App.3d 949, 959 [185 Cal.Rptr. 1].) The purpose of the statute is clearly served by imposing the enhancement upon the receiver of stolen property.

Furthermore, the legislative history of the section reveals an intent of the Legislature consistent with the application of the statute to receivers of stolen property. Section 12022.6 was added to the code in 1976 and required that a taking or property damage must be an element of the crime for which

the enhancement was to be imposed. (Stats. 1976, ch. 1139, § 305.5, p. 5162.) In 1977 the section was amended. The additional punishment is now imposed if such a loss occurs during the commission or attempted commission of *any* felony. The expanded reach of the enhancement is not consistent with a narrow construction of the word "takes."

We have reached the above conclusion after full briefing by the parties. An alternative writ would only cause delay in the trial. A peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458, 465 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].) To further enable the trial to commence without delay and without rendering the petition moot, we conclude that our decision granting the peremptory writ should be final as to this court immediately. (Rule 24(c), Cal. Rules of Court.)

Let a peremptory writ of mandate issue forthwith commanding respondent superior court to vacate its order striking counts three and five of the information and to enter an order overruling the demurrer as to these counts.

Panelli, J., concurred.

The petition of real party in interest Lowery for a hearing by the Supreme Court was denied May 17, 1984.