[No. B020114. Second Dist., Div. One. July 21, 1986.]

THE PEOPLE, Petitioner, v.
SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RONALD JEROME JENNINGS et al., Real Parties in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Martin Mizel and Laurence M. Sarnoff, Deputy Public Defenders, for Real Parties in Interest.

**OPINION**

**LUCAS, J.**—The People of the State of California petitioned this court for writ of mandate ordering respondent superior court to (a) annul and vacate its orders of March 7 and 13, 1986, which sustained the demurrer of real

parties in interest Ronald Jerome Jennings and Ricky Rime Washington to that portion of an information which charges the special circumstances enumerated in Penal Code section 190.2, subdivisions (a)(17)(i) and (vii); (b) enter a new and different order overruling that portion of real parties' demurrer relating to the allegations of special circumstances; and (c) enter an order denying real parties' motion to strike the special circumstances allegations made pursuant to section 995 of the Penal Code. We ordered a temporary stay on April 28, 1986, to provide an opportunity for this court to review the petition.

The offenses charged in the information are murder with felony-based special circumstance allegations under Penal Code section 190.2, subdivision (a)(17) [count 1], robbery [count 2], and burglary [count 3]. Each offense is alleged to have occurred on January 31, 1980. All parties agree that the statute of limitations has expired for prosecution of the robbery and the burglary offenses charged in counts 2 and 3, which are the felonies upon which the special circumstance allegations within count 1 are based.

Real parties entered pleas of not guilty at their arraignment on January 7, 1985. By a motion filed October 17, 1985, subsequently granted by the court, real parties withdrew their pleas. On February 24, 1986, they demurred to the complaint on the ground that the three-year statute of limitations had run on the robbery and burglary felonies and therefore on the special circumstances allegations of count 1 as well.

In sustaining real parties' demurrer, the trial court ruled that the bar of prosecution for the underlying felonies also bars proof of the truth of the special circumstances allegations, under Penal Code section 190.4, subdivision (a), as construed by the Supreme Court in *People* v. *Mattson* (1985) 37 Cal.3d 85, 93-94 [207 Cal.Rptr. 278, 688 P.2d 887]. ▪▪▪ It is this ruling which the People place before us for review.[1]

TIMELINESS

▪ The People first complain that the demurrer of real parties was not timely and therefore the respondent court had no jurisdiction to hear it. Their argument primarily relies on Penal Code section 1004, which provides in relevant part that "[t]he defendant may demur . . . at any time prior to the entry of a plea. . . ." However, Penal Code section 1003 contains the

---

[1]Because review is sought of an order sustaining a demurrer to portions of the complaint, the People properly filed a petition for extraordinary relief. (*People* v. *Superior Court (Kizer)* (1984) 155 Cal.App.3d 932, 934-935 [204 Cal.Rptr. 179]; *People* v. *Superior Court (Colbert)* (1978) 78 Cal.App.3d 1023, 1026 [144 Cal.Rptr. 599]; *People* v. *Yoshimura* (1976) 62 Cal.App.3d 410, 413 [133 Cal.Rptr. 228].)

following language: "Both the demurrer and plea must be put in, in open Court, either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose." Here, the court clearly allowed the demurrer to come in at another time in accordance with Penal Code section 1003.

The People also contend that California Rules of Court, rule 227.3(a)(3), prevents the demurrer from being considered by the trial court. This rule reads in relevant part: "[A] . . . notice of intent to demur . . . shall be entered . . . no later than seven days after the initial arraignment, unless the court lengthens the time for good cause; . . ." It is apparent that the court determined there was good cause to hear the demurrer at the time it was brought by real parties, and proceeded accordingly.

Of the cases cited by the People, *People* v. *Linton* (1929) 102 Cal.App. 608 [283 P. 389] is closest to the fact pattern of the instant case. However, it supports the position of real parties rather than that of the People. The decision holds that the trial court has the discretion to allow a defendant to withdraw a plea for the purpose of demurring to an information. In *Linton* appellant pled not guilty and later asked leave of court to file certain motions to set aside the information and to demur. (The opinion does not state the alleged grounds for the demurrer.) The trial court ruled adversely to the defendant, and he appealed. The appellate court cited language from *People* v. *Magee* (1923) 60 Cal.App. 459, at page 462 [213 P. 513], as applicable to the trial court's refusal to entertain either the motions or the demurrer: "'The motion (to set aside the information) having been made after the entry of the plea of not guilty, came too late and it was properly denied.'" The *Linton* court continued, "True, the court has power to allow the plea to be withdrawn for the purpose of hearing and determining such a motion, but the exercise of that power necessarily is left to the discretion of the trial judge [citation] . . . ." (*Linton, supra,* at p. 611.)

Most importantly, real parties' demurrer was based on the bar of the statute of limitations which is jurisdictional in criminal matters and may be raised at any time before or after judgment. (*People* v. *Morgan* (1977) 75 Cal.App.3d 32, 36 [141 Cal.Rptr. 863].) The court properly considered the demurrer at this stage in the proceedings.

STATUTORY LANGUAGE

We now turn to the substantive question before us: Can the People properly allege felony-based special circumstances (Pen. Code, § 190.2) when the statute of limitations for the underlying felonies has run? We believe the language of Penal Code section 190.4 (hereinafter section 190.4)

requires us to answer "no." That section provides in pertinent part: "(a) Whenever a special circumstance requires proof of the commission . . . of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime."

 The People argue that despite this language, separate charging,[2] proof and conviction of the underlying crimes are not required by the statute; all that is necessary to satisfy section 190.4, subdivision (a), is proof of the felonies according to criminal standards. Thus, so long as the underlying felonies in this case are proven beyond a reasonable doubt, the People claim it is of no significance that they cannot be separately prosecuted because they are time barred by the statute of limitations.

 We cannot reasonably interpret the language of the statute so loosely; rather, we must adhere to the basic rule of statutory construction that each word of a statute is presumed to have meaning. (*In re Keith T.* (1984) 156 Cal.App.3d 983, 987 [203 Cal.Rptr. 112].) The statute does not simply require that an underlying crime be proved beyond a reasonable doubt; it specifically requires that it be both charged and proved, pursuant to the general law for trial and conviction of the crime. To hold that only the proof portion of the language has meaning would render the remaining language as surplusage, a construction that is to be avoided. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 484 [208 Cal.Rptr. 724, 691 P.2d 272].) The statute specifically incorporates the requirements for charging and proving the felony upon which a special circumstances allegation is based, and we may not eliminate such specific requirements under the guise of statutory interpretation.

The Supreme Court has repeatedly emphasized the need to comply with the specific requirements of section 190.4, subdivision (a). For example, in *People* v. *Green* (1980) 27 Cal.3d 1, 52 [164 Cal.Rptr. 1, 609 P.2d 468], the court, quoting the language of the section with emphasis on the "charged and proved" portion, explained that under the statute a valid conviction of one of the listed crimes was a necessary condition to finding a special circumstance that the murder took place during the commission of that crime.

---

[2]There is no merit to the People's argument that any statutory requirement that the underlying felonies be separately charged is a violation of the separation of powers. The district attorney is indeed the official vested with the discretion to control the institution of criminal proceedings (Gov. Code, § 26501), and any decision as to whether to prosecute or not may not be controlled by the courts. (*People* v. *Municipal Court (Bishop)* (1972) 27 Cal.App.3d 193, 207 [103 Cal.Rptr. 645, 66 A.L.R.3d 717].) But that discretion is unaffected by the charging requirement in section 190.4. The district attorney still retains the discretion to choose whether or not to allege special circumstances; the "charged and proved" requirement merely dictates what must be done if he does decide to allege special circumstances.

In *People* v. *McDonald* (1984) 37 Cal.3d 351, 378 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011], defendant's conviction for murder with a robbery-based special circumstance was reversed. The court held that since defendant had been acquitted of the substantive crime of robbery, retrial for that crime was barred by the double jeopardy clause; moreover, the statutory prerequisite to a finding of the robbery-based special circumstance, the charging and proving of that robbery, could not be met because of the double jeopardy ban, and defendant could not be prosecuted for that special circumstance. The court went on to distinguish two earlier cases, *People* v. *Robertson* (1982) 33 Cal.3d 21 [188 Cal.Rptr. 77, 655 P.2d 279], and *People* v. *Velasquez* (1980) 26 Cal.3d 425 [162 Cal.Rptr. 306, 606 P.2d 341], in which they had held that the failure of the People to charge a defendant with a separate count of the Penal Code section 190.2-enumerated felony was not prejudicial. The court explained: "We recognize that in [*Robertson* and *Velasquez*] we held that failure to separately charge the underlying felony was not prejudicial error. In both decisions, however, the focus was on prejudice, not on the error itself; both noted that the statutory requirement was not met and that the omission was in fact error. They held that the error was not prejudicial because the defendant was put on notice by the special circumstance allegation that he was required to defend against the underlying crime. The situation here is completely different. In *Velasquez* and *Robertson* there was no legal impediment to charging the underlying crime; by contrast, in the present case the prosecution may not recharge defendant with robbery or any lesser included offense without violating double jeopardy protections, and hence may not retry defendant on the special circumstance allegation predicated on that crime." (*McDonald, supra,* at pp. 378-379.)

In the case before us, as in *McDonald,* there is a legal impediment to charging the underlying felonies. Under former Penal Code section 800 (now Pen. Code, § 801), prosecution of the felonies in this case, commercial burglary (Pen. Code, § 459) and robbery (Pen. Code, § 211), must be commenced within three years after commission of the offense. It is undisputed that prosecution commenced more than three years from the date these offenses were committed, and there are no allegations that the statute of limitations was tolled at any time. Prosecution of these underlying felonies is barred by the statute of limitations.

■ In criminal cases in California, the statute of limitations is a substantive rather than a procedural right; a conviction based on acts occurring outside the statutory period is invalid; even if such conviction is based on a guilty plea, it is subject to attack if the charge was originally barred by the applicable limitation period. (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75].) ■ It has been settled law in

California since our Supreme Court decided *People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378] that the statute of limitations in criminal cases is jurisdictional: "In criminal cases, the state, through its legislature, has declared that it will not prosecute crimes after the period has run, and hence has limited the power of the courts to proceed in the matter. [Citations.] It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone." (*People* v. *McGee, supra,* 1 Cal.2d 611, 613-614; *People* v. *Chadd* (1981) 28 Cal.3d 739, 756-757 [170 Cal.Rptr. 798, 621 P.2d 837].)

█ Where, as here, the running of the statute of limitations deprives the court of any power to proceed in the case as to the underlying felonies, and any conviction on those felonies would be invalid and subject to attack, it seems clear that those crimes cannot be "charged and proved pursuant to the general law applying to the trial and conviction of the crime[s]" as required by section 190.4, subdivision (a).

## GENERAL LAW

█ The People seek to avoid this impediment by arguing that the statute of limitations is not part of the general law referred to in section 190.4. We find no support for this position. In our research, we found "general law" defined as a law which applies equally to all persons in a class founded on some natural, intrinsic or constitutional distinction, as contrasted with a "special law" which confers particular privileges or imposes disabilities or conditions on a class of persons arbitrarily selected from the general body.[3] (*Beamon* v. *Department of Motor Vehicles* (1960) 180 Cal.App.2d 200, 208 [4 Cal.Rptr. 396].) For example, certain Health and Safety Code sections have been considered "general law" as compared to sections of the Business and Professions Code dealing with a medical doctor's involvement with drugs. (*People* v. *Michals* (1974) 36 Cal.App.3d 850, 852-853 [111 Cal.Rptr. 892].) Perhaps more relevantly, general criminal law has been contrasted with juvenile law. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 706-707 [135 Cal.Rptr. 392, 557 P.2d 976].)

The Supreme Court considered the meaning of "general law" as used in section 190.4 in *People* v. *Mattson* (1984) 37 Cal.3d 85 [207 Cal.Rptr. 278,

---

[3]The term "general law" is also used in contrast to local or special law in the context of preemption, as explained in article IV, section 16 of the California Constitution: "(a) All laws of a general nature have uniform operation. (b) A local or special statute is invalid in any case if a general statute can be made applicable." These distinctions have no bearing on our question.

688 P.2d 887]. That case involved the use of a defendant's extra-judicial statements to prove the corpus delicti of felonies upon which special circumstances allegations were based. Although generally the corpus delicti of a crime must be established independently of such statements (*People* v. *Towler* (1982) 31 Cal.3d 105, 115 [181 Cal.Rptr. 391, 641 P.2d 1253]), such statements have been allowed to establish the underlying felonies for purposes of the felony murder rule where the corpus delicti of the murder has already been independently established. (*People* v. *Cantrell* (1973) 8 Cal.3d 672, 680-681 [105 Cal.Rptr. 792, 504 P.2d 1256].) The court refused to extend the *Cantrell* exception for establishing felony murder to the establishment of the corpus delicti for special circumstances. The focus was once again on the language of section 190.4 requiring that the underlying crime "be charged and proved pursuant to the general law applying to the trial and conviction of the crime." Properly construing the statute in the light most favorable to the defendant, the court concluded that "the 'general law' proviso incorporates the corpus delicti requirement for felonies supporting special circumstance allegations." (*Mattson, supra,* at pp. 93-94.) In accordance with this holding, we believe the general law proviso also incorporates the statute of limitations requirement for each of the felonies upon which special circumstances allegations are based.

The People try to distinguish the *Mattson* holding by arguing that the corpus delicti requirement is substantive, whereas the statute of limitations is merely procedural. They base this argument on *People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1057 [208 Cal.Rptr. 318], wherein it was held that an extension of a limitations period is only a change in criminal procedure which would generally not violate the prohibition against ex post facto laws. That holding, however, was only for purposes of ex post facto analysis; even in that context, if the limitations period has already expired barring prosecution, a subsequent amendment extending the limitations period is not a mere "change in procedure" which may be applied free of the constitutional prohibition against ex post facto laws.

Outside the very limited question considered in *Sample,* the settled law in California is that the statute of limitations in criminal cases is a substantive, rather than a procedural right, and that a conviction based on acts occurring outside the statutory period is invalid and may be attacked at any time. (*People* v. *Zamora, supra,* 18 Cal.3d 538, 547.) The court has no authority to proceed in a criminal case once the statutory period has run. (*People* v. *Chadd, supra,* 28 Cal.3d 739, 757.) A threshold question in any criminal prosecution must therefore be whether the crime *can* be charged and prosecuted to a valid conviction in light of the applicable statute of limitations. It seems clear to us that the statute of limitations for any felony is part of the general law for the trial and conviction of that felony, and if the limi-

tations period has expired, the felony cannot be "charged and proved" pursuant to that "general law."

## PRECEDENCE OF SPECIAL STATUTE

■ The People attempt yet another distinction based on the established principle of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute. (*People* v. *Chapman* (1975) 47 Cal.App.3d 597, 605 [121 Cal.Rptr. 315].) ■ They argue that section 799, which allows a criminal prosecution for murder[4] to be commenced "at any time" is a special statute which takes priority over the general statute of limitations for commencing prosecution of the other crimes (former Pen. Code, § 800, now § 801) upon which the special circumstances allegations are based. We disagree with their reasoning.

The general statutory scheme for prosecution and punishment of murder includes Penal Code section 190, which describes the available punishments for first and second degree murder. That section does not specify under what conditions the penalty for first degree murder is death, confinement in state prison for life without possibility of parole, or confinement in state prison for 25 years to life; instead it provides: "The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5." This referral to the special circumstances statutes expressly indicates the precedence those statutes take over the general murder statutes.

These special circumstances statutes set forth in detail the situations in which special circumstances may be charged (Pen. Code, § 190.2), how such allegations are to be made and prosecuted (Pen. Code, §§ 190.1, 190.4), and the factors upon which the determination of penalty should be based. (Pen. Code, § 190.3.) The truth of any charged special circumstances must be determined separately from the question of a defendant's guilt of first degree murder. (Pen. Code, § 190.1.) Unquestionably, the statutory scheme for special circumstances is the more specialized and that for murder the more general. Accordingly, section 190.4, which sets forth the procedures for establishing felony-based special circumstances, is the "special statute" which would control over statutes relating to prosecution for murder

---

[4]Penal Code section 799, as in effect at the time the crimes were committed and throughout the three-year limitations period for the underlying felonies, states: "There is no limitation of time within which a prosecution for murder . . . must be commenced." That section was repealed (Stats. 1984, ch. 1270, § 1) and new section 799 was added (Stats. 1984, ch. 1270, § 2) providing: "Prosecution for an offense punishable by death or by imprisonment in the state prison for life or for life without possibility of parole . . . may be commenced at any time."

in general in a case such as ours where the question involves the charging of special circumstances.

As we have explained, section 190.4, subdivision (a) (italics added), requires that the underlying crime "be charged and proved pursuant to the general law applying to the trial and conviction of *the* crime," thereby specifically incorporating into each felony-based special circumstances allegation the general law of the underlying felony, including its statute of limitations.[5] The statute of limitations for such felony, as part of the "special statute," thus takes precedence over the more general statute of limitations for murder set forth in Penal Code section 799.

CONCLUSION

We are persuaded by all the foregoing authority that section 190.4, subdivision (a) means precisely what it says—that any felony upon which a special circumstance allegation is based must be "charged and proved pursuant to the general law applying to the trial and conviction of the crime," and that the statute of limitations is part of the general law for trial and conviction of any crime. Where, as here, the statute of limitations is a total bar to the valid charging, proof and conviction of the crimes underlying the special circumstances allegations, the People cannot meet the statutory requirements for proof of those crimes. The special circumstances allegations were therefore properly dismissed.

We are troubled by what seems to us the necessary result in this case. The Legislature has clearly recognized that murder is the most heinous of crimes by its refusal to place any statute of limitations on its prosecution. (Pen. Code, § 799.) Where the murder takes place during the commission of other specified crimes, the Legislature has demonstrated its further distaste for the perpetrator by designating these as special circumstances and increasing the punishment for such crime to life in prison without possibility of parole or death. (Pen. Code, § 190.2.) It seems contradictory that although a murder may be prosecuted at any time, an even worse crime, murder with special circumstances, which could ordinarily result in more severe punishment, can only proceed as a regular murder prosecution if the time period has expired on the underlying crimes. Yet there is no exemption for the statute of limitations in the plain requirements for charging and proof ac-

---

[5]It is interesting to note that former section 190.1, upon which the current section 190.4, subdivision (a) was based, although identical in other respects, required that the underlying crime be "charged and proved pursuant to the general law applying to the trial and conviction of *a* crime." (Italics added.) The change in language from "a crime" to "the crime" points even more strongly to the prosecution's burden to meet all the requirements for charging and proof of each underlying felony.

cording to general law of the underlying felonies in section 190.4. If the Legislature wishes a different result, one more consistent with the severity of the murder with special circumstances, it must be accomplished by a change in the statutory language.

### DISPOSITION

The petition is denied. The temporary stay is vacated.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

A petition for a rehearing was denied August 20, 1986, and petitioner's application for review by the Supreme Court was denied October 23, 1986. Lucas, J., was of the opinion that the application should be granted.