[No. B147452. Second Dist., Div. One. Aug. 10, 2001.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RAFAEL GEVORGYAN et al., Real Parties in Interest.

[No. B147799. Second Dist., Div. One. Aug. 10, 2001.]

KAREN TERTERYAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steve Cooley, District Attorney, George M. Palmer, Head Deputy District Attorney, and Matthew G. Monforton, Deputy District Attorney, for Petitioner and Real Party in Interest the People.

Geragos & Geragos and Mark J. Geragos for Petitioner Karen Terteryan.

No appearance for Respondent.

Andrew Reed Flier for Real Party in Interest Rafael Gevorgyan.

Theodore S. Flier for Real Party in Interest Anait Msryan.

## OPINION

**MALLANO, J.**—Traditionally, minors could be tried as adults only when a juvenile court found them unfit for that court's jurisdiction. But Proposition 21, the Gang Violence and Juvenile Crime Prevention Act, passed by the electorate on March 7, 2000, changed that. Now 14- through 17-year-olds accused of certain crimes are subject to mandatory direct filing in adult court (Welf. & Inst. Code, § 602, subd. (b)), and the prosecution has discretion to bring charges directly in adult court on other enumerated offenses without the necessity of a finding of unfitness (*id.*, § 707, subd. (d)). The three minor defendants in this case were charged under Welfare and Institutions Code sections 602, subdivision (b), and 707, subdivision (d), by grand jury indictment. We conclude that Proposition 21 requires that juveniles be prosecuted by way of information following a preliminary hearing and not by indictment by grand jury. Accordingly, we grant relief requiring that the indictment in this case be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Karen Terteryan and real parties in interest Rafael Gevorgyan and Anait Msryan were named in a three-count indictment returned by the Grand Jury of Los Angeles County and filed in respondent superior court on August 14, 2000. (The indictment was returned after a criminal complaint containing similar charges against defendants was dismissed.) The indictment, which arose from an incident that occurred on May 5, 2000, was later amended. As amended, the indictment alleges that defendants, all of whom are 14 years of age or older, committed (1) murder with the special circumstance that the murder was committed to further the activities of a street gang, (2) attempted murder, and (3) street terrorism. The indictment further alleges that Terteryan personally killed the murder victim. (Welf. & Inst.

Code, § 602, subd. (b)(1); unless otherwise specified, further section references are to the Welf. & Inst. Code.)[1] Gevorgyan and Msryan are alleged to have committed an offense that, if committed by an adult, would be punishable by death or life imprisonment (§ 707, subd. (d)(2), criterion (A)), and that was committed for the benefit of a criminal street gang (§ 707, subd. (d)(2), criterion (C)(ii)).[2]

Terteryan demurred to the indictment. He argued that indictment was precluded because section 602, subdivision (b)(1), requires that the prosecutor (rather than a grand jury) allege the existence of a special circumstance and that the minor personally killed the victim. The demurrer was overruled, and Terteryan petitioned for extraordinary relief. We issued an order to show cause and requested further briefing. (B147799.)

Gevorgyan and Msryan also demurred to the indictment. They argued that the indictment was precluded because section 707, subdivision (d)(1), requires that the district attorney or other prosecuting officer file the accusatory pleading. They also relied on a reference to a preliminary hearing in

---

[1]Section 602 provides in pertinent part:

"(b) Any person who is alleged, when he or she was 14 years of age or older, to have committed one of the following offenses shall be prosecuted under the general law in a court of criminal jurisdiction:

"(1) Murder, as described in Section 187 of the Penal Code, if one of the circumstances enumerated in subdivision (a) of Section 190.2 of the Penal Code is alleged by the prosecutor, and the prosecutor alleges that the minor personally killed the victim."

[2]Section 707 provides in pertinent part:

"(d)(1) Except as provided in subdivision (b) of Section 602, the district attorney or other appropriate prosecuting officer may file an accusatory pleading in a court of criminal jurisdiction against any minor 16 years of age or older who is accused of committing an offense enumerated in subdivision (b) [which contains a list of 30 felonies].

"(2) Except as provided in subdivision (b) of Section 602, the district attorney or other appropriate prosecuting officer may file an accusatory pleading against a minor 14 years of age or older in a court of criminal jurisdiction in any case in which any one or more of the following circumstances apply:

"(A) The minor is alleged to have committed an offense which if committed by an adult would be punishable by death or imprisonment in the state prison for life.

"(B) The minor is alleged to have personally used a firearm during the commission or attempted commission of a felony, as described in Section 12022.5 of the Penal Code.

"(C) The minor is alleged to have committed an offense listed in subdivision (b) in which any one or more of the following circumstances apply:

"(i) The minor has previously been found to be a person described in Section 602 by reason of the commission of an offense listed in subdivision (b).

"(ii) The offense was committed for the benefit of, at the direction of, or in association with any criminal street gang, as defined in subdivision (f) of Section 186.22 of the Penal Code, with the specific intent to promote, further, or assist in any criminal conduct by gang members."

section 707, subdivision (d)(4).[3] The trial court overruled their demurrer, but held that, under *People v. Aguirre* (1991) 227 Cal.App.3d 373 [277 Cal.Rptr. 771], the prosecution could not proceed unless defendants were afforded a preliminary hearing. The People petitioned for a writ of mandate, challenging the trial court's decision. We issued an order to show cause and requested further briefing. (B147452.)

We have ordered that the two petitions be considered concurrently to determine whether the instant prosecutions may proceed by indictment. We conclude that they may not. In so doing, we recognize that the People petitioned this court seeking to overturn the portion of the trial court's order granting a preliminary hearing to Gevorgyan and Msryan, and that Gevorgyan and Msryan did not file petitions on their own behalf asserting that they were not subject to indictment. Nevertheless, the issue of whether Gevorgyan and Msryan are subject to indictment was argued extensively in the trial court and is included in the parties' briefing to this court. In addition, whether Gevorgyan and Msryan are not subject to indictment is closely related to the issues raised by Terteryan. Therefore, we find it proper in this opinion to grant relief to Gevorgyan and Msryan as well as to Terteryan.

The petitions also raise other issues that were asserted in the trial court, including those pending before our Supreme Court in *Manduley v. Superior Court* (2001) 86 Cal.App.4th 1198 [104 Cal.Rptr.2d 140], review granted April 25, 2001, S095992, and the applicability of an amendment to section 602 that took effect on January 1, 2000 (Stats. 1999, ch. 996, § 12.2). We do not reach those issues in this opinion.

## DISCUSSION

### I

California's Juvenile Court Law is set forth in division 2, chapter 2 of the Welfare and Institutions Code. (§ 202 et seq.) Nowhere in the text of this law, both before and after the adoption of Proposition 21, do the words "grand jury" or "indictment" appear. Nor are they included in the summary, argument, or analysis of Proposition 21 that was submitted to the voters.

---

[3]Section 707, subdivision (d)(4) provides: "In any case in which the district attorney or other appropriate prosecuting officer has filed an accusatory pleading against a minor in a court of criminal jurisdiction pursuant to the provisions of this subdivision, the case shall then proceed according to the laws applicable to a criminal case. In conjunction with the preliminary hearing as provided for in Section 738 of the Penal Code, the magistrate shall make a finding that reasonable cause exists to believe that the minor comes within the provisions of this subdivision. If reasonable cause is not established, the criminal court shall transfer the case to the juvenile court having jurisdiction over the matter."

Yet, the People assert that under *People v. Aguirre, supra,* 227 Cal.App.3d at page 380, *People v. Aikens* (1969) 70 Cal.2d 369, 372-373 [74 Cal.Rptr. 882, 450 P.2d 258], and *In re Hartman* (1949) 93 Cal.App.2d 801, 802-803 [210 P.2d 53], "[a] grand jury's authority to indict juveniles is unquestioned. [Citations.]" The assertion is an overstatement that begs the question raised in this case.

The *Aikens* and *Hartman* opinions recite by way of background that the defendants in those cases were originally indicted by grand jury, then certified to juvenile court because they were minors, and finally prosecuted as adults when the juvenile courts declined jurisdiction. Because the appropriateness of the grand jury indictment is not mentioned in either case, they are not authority on this point. (See *People v. Hill* (1974) 12 Cal.3d 731, 766, fn. 34 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds in *People v. DeVaughn* (1977) 18 Cal.3d 889, 896, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872].) Consequently, *Aguirre* is the only California appellate decision to date that discusses the propriety and consequences of initiating the prosecution of a minor by indictment and is the foundation of the People's argument that they may proceed by indictment against defendants in this case.

In *Aguirre*, the defendant committed multiple felonies, including sex crimes, during a nighttime assault on a young couple on the beach in 1981. The offenses were subject to a six-year statute of limitations, and an indictment charging the defendant with those crimes was returned in 1985. When the defendant was later arrested and appeared in superior court, it was discovered that he was 16 years old at the time of the crimes. Criminal proceedings were suspended and the matter was certified to juvenile court, where the defendant appeared in 1988. The juvenile court found the defendant unfit and returned him to superior court. There, he was arraigned and given a preliminary hearing. After the defendant was held to answer, the People filed an information that was identical to the 1985 indictment. The defendant pleaded guilty to the charges in the information. (*People v. Aguirre, supra,* 227 Cal.App.3d at pp. 376-378.)

By the time the defendant in *Aguirre* had been brought before the juvenile court, more than six years had elapsed since the commission of his offenses. On appeal, the defendant raised the statute of limitations, contending that "(1) the juvenile court has exclusive initial jurisdiction over persons under 18 years of age who commit acts in violation of the criminal laws; (2) an order of the juvenile court adjudging such a minor to be a ward of juvenile court is not deemed a conviction of a crime for any purpose; (3) a grand jury may only inquire into and indict for the commission of 'public offenses' and, therefore, (4) a grand jury has no jurisdiction to indict a person under the age

of 18 until after that person has been the subject of a juvenile court petition and been found unfit to be handled under the juvenile court law." (*People v. Aguirre, supra,* 227 Cal.App.3d at pp. 377-378.) Based on these arguments, the defendant urged that the prosecution against him did not commence with the 1985 grand jury indictment because it was a nullity, and any proceedings against him after the statute of limitations expired in 1987 (namely, both the juvenile petition and the superior court information) were therefore barred. (*Ibid.*)

The Court of Appeal rejected the defendant's position on the primary ground the defendant "cite[d] no case authority for his contention that a grand jury has no jurisdiction to indict a minor, and our own research has not found any cases in California or any other state which support that conclusion." (*People v. Aguirre, supra,* 227 Cal.App.3d at p. 378.) The court then reviewed the history of grand jury indictments and of juvenile court law. In so doing, it observed that notwithstanding section 203's rule that " '[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding,' " minors have been considered "capable of committing crimes." (227 Cal.App.3d at p. 379.)

And, continued the *Aguirre* court, although (at that time) the juvenile and adult courts had concurrent jurisdiction over 16- and 17-year-olds and the juvenile court had exclusive jurisdiction of minors under the age of 16, "nothing in the juvenile court law suggests that minors alleged to have violated a criminal statute may not be initially charged by complaint or by indictment, even though it is clear that a petition filed in juvenile court by the district attorney is the method by which juvenile court proceedings seeking a determination of wardship are commenced. [Citation.]" (*People v. Aguirre, supra,* 227 Cal.App.3d at p. 380, fn. omitted.) But once it is determined that the accused appearing in adult court on a complaint or indictment may be a minor, "the court must immediately suspend the criminal proceeding, and conduct a hearing to determine the minor's age at the time of the offense." (*Id.* at p. 381.)

Finally, the *Aguirre* court noted that it is often difficult to obtain accurate information regarding the date of birth of an accused, and that the argument advanced by the defendant in that case could put the prosecution in a position where it "might, for lack of sufficient reliable information concerning the suspect's birthdate, be forced to watch helplessly as the statute of limitations expires on a serious felony offense. We decline to conclude the law requires such an absurd result." (*People v. Aguirre, supra,* 227 Cal.App.3d at p. 382.) Rather, "[o]nce . . . it is suggested or appears to the

[superior] court that [the accused] was under 18 years of age when the offenses were committed, the law provides a procedure to determine which court will adjudicate the charge. [Citations.]" (*Ibid.*)

## II

The issues presented in this case require us to interpret sections 602 and 707 as amended by Proposition 21 and to consider *Aguirre* in light of those amendments. " 'We begin with the fundamental rule that our primary task in construing a statute is to determine the Legislature's intent. [Citation.]' [Citation.] ' "The court turns first to the words themselves for the answer." [Citations.]' [Citation.] When the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citation.]" (*People v. Fuhrman* (1997) 16 Cal.4th 930, 937 [67 Cal.Rptr.2d 1, 941 P.2d 1189].) "When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. [Citations.] ' "When the language is susceptible of more than one reasonable interpretation . . . , we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].)

"The same rules apply in interpreting a voter initiative [citation], with the focus of our inquiry being 'the electorate's purpose, as indicated in the ballot arguments and elsewhere.' [Citation.]" (*Robert L. v. Superior Court* (2001) 87 Cal.App.4th 912, 916 [104 Cal.Rptr.2d 868]; accord, *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927]; *People v. Superior Court* (*Sturm*) (1992) 9 Cal.App.4th 172, 178, fn. 4 [11 Cal.Rptr.2d 652].) The drafters of an initiative and the voters who enacted it are presumed to have been aware of the existing statutory law and its judicial construction. (*In re Harris* (1989) 49 Cal.3d 131, 136 [260 Cal.Rptr. 288, 775 P.2d 1057]; *Robert L. v. Superior Court, supra*, 87 Cal.App.4th at p. 918.)

Thus, the drafters of Proposition 21 presumably knew that the grand jury and indictments were not part of juvenile court statutory law. They were also presumably aware that the only judicial treatment of indictments under juvenile court law was set forth in *Aguirre*, a case in which the indictment of a juvenile was relevant only to satisfy statute of limitations concerns, and the defendant was ultimately charged by information and

given a postindictment preliminary hearing. Finally, the drafters presumably knew that the California Constitution was amended by Proposition 115 in 1990 to add article I, section 14.1, which provides that "[i]f a felony is prosecuted by indictment, there shall be no postindictment preliminary hearing." This constitutional amendment abrogated previous judicial decisions and established that a defendant is no longer entitled to a postindictment preliminary hearing or any other similar procedure. (See *Bowens v. Superior Court* (1991) 1 Cal.4th 36, 39 [2 Cal.Rptr.2d 376, 820 P.2d 600].)

In this context, we turn to the two specific statutes under which defendants were indicted.

A

■ Section 602, subdivision (b), requires that minors (in this case, Terteryan) be "prosecuted under the general law in a court of criminal jurisdiction." "General law" is the law that applies to adults, as contrasted with juvenile court law. (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 706-707 [135 Cal.Rptr. 392, 557 P.2d 976]; *People v. Superior Court (Jennings)* (1986) 183 Cal.App.3d 636, 644 [228 Cal.Rptr. 357].)

■ To implement the mandatory direct filing procedure of section 602, subdivision (b), there are two significant qualifications. First, it must be alleged that the minor committed murder (§ 602, subd. (b)(1)) or one of several enumerated sex offenses (*id.*, subd. (b)(2)).[4] Second, with respect to murder, special circumstances must be "alleged by *the prosecutor*, and *the prosecutor* [must] allege[] that the minor personally killed the victim." (§ 602, subd. (b)(1), italics added.) Similarly, with respect to the enumerated sex offenses, mandatory direct filing applies only when "*the prosecutor* alleges that the minor personally committed the offense, and . . . *the prosecutor* alleges one of the circumstances" supporting application of the one strike law. (§ 602, subd. (b)(2), italics added.)

---

[4]Section 602, subdivision (b)(2), provides: "The following sex offenses, if the prosecutor alleges that the minor personally committed the offense, and if the prosecutor alleges one of the circumstances enumerated in the One Strike law, subdivisions (d) or (e) of Section 667.61 of the Penal Code, applies: [¶] (A) Rape, as described in paragraph (2) of subdivision (a) of Section 261 of the Penal Code. [¶] (B) Spousal rape, as described in paragraph (1) of subdivision (a) of Section 262 of the Penal Code. [¶] (C) Forcible sex offenses in concert with another, as described in Section 264.1 of the Penal Code. [¶] (D) Forcible lewd and lascivious acts on a child under the age of 14 years, as described in subdivision (b) of Section 288 of the Penal Code. [¶] (E) Forcible penetration by foreign object, as described in subdivision (a) of Section 289 of the Penal Code. [¶] (F) Sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code, by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. [¶] (G) Lewd and lascivious acts on a child under the age of 14 years, as defined in subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066 of the Penal Code."

■ Under the "general law," grand juries have independent authority to investigate public offenses and return indictments. (Pen. Code, §§ 917, 940.) "In practice, grand juries almost exclusively confine their consideration of public offenses to those matters presented to them by the district attorney." (*Bradley v. Lacy* (1997) 53 Cal.App.4th 883, 893 [61 Cal.Rptr.2d 919].) "The indictment does not require the district attorney's signature [citation]. While it is the district attorney's duty to 'draw all indictments' ([Gov. Code,] § 26502), '[t]he obvious intendment is that the district attorney must draw all indictments only when requested by the grand jury for . . . advice and assistance.' [Citation.]" (*Bradley v. Lacy, supra*, 53 Cal.App.4th at p. 893, fn. 4.) An indictment found by a properly constituted grand jury, "shall be endorsed, 'A true bill,' and the endorsement shall be signed by the foreman of the grand jury." (Pen. Code, § 940.) "An indictment, when found by the grand jury, must be presented by their foreman, in their presence, to the court, and must be filed with the clerk." (Pen. Code, § 944.)

■ Thus, an indictment does not contain allegations made by *the prosecutor*. Rather, the allegations are made by the grand jury, albeit with the prosecutor's assistance. In contrast, an information "shall be in the name of the people of the State of California and subscribed by the district attorney." (Pen. Code, § 739.) The information is filed following a preliminary hearing initiated upon a felony criminal complaint made "under oath subscribed by the complainant." (Pen. Code, § 806.)

The foregoing statutes make clear that it is only *the prosecutor* who can make the allegations necessary for a mandatory direct filing in adult court. Thus, section 602, subdivision (b)(1) and (2) precludes use of indictment by grand jury.

B

■ Section 707, subdivision (d)(1) and (2), provides that for minors not charged under section 602, subdivision (b) (here, Gevorgyan and Msryan), "the district attorney or other appropriate prosecuting officer may file an accusatory pleading . . . ." Although an indictment is an "accusatory pleading" (Pen. Code, § 691, subd. (c)), it is the foreperson of the grand jury, not the district attorney, who presents an indictment to be filed (*id.*, § 944). And there is no precedent for designating the foreperson of the grand jury a "prosecuting officer." The only other reference in the Welfare and Institutions Code to a "prosecuting officer" other than in section 707, subdivision (d)(1) and (2) appears in section 707.1, subdivision (a), which was not amended by Proposition 21. That statute provides in part: "If the minor is

declared not a fit and proper subject to be dealt with under the juvenile court law, or as to a minor for whom charges in a petition or petitions in the juvenile court have been transferred to a court of criminal jurisdiction . . . , the district attorney, or other appropriate *prosecuting officer* may file an accusatory pleading against the minor in a court of criminal jurisdiction. The case shall proceed from that point according to the laws applicable to a criminal case." (Italics added.)

Under section 707.1, subdivision (a), the role of "prosecuting officer" plays no role until after the minor has already been charged in juvenile court and transferred to adult court. If a "prosecuting officer" were the foreperson of a grand jury, the statute would authorize the grand jury to indict a minor *after* that minor had already been subjected to juvenile court procedures. Not only would this be unprecedented, the procedure would undermine the direct filing alternatives created by Proposition 21. Accordingly, it would appear that the "prosecuting officer" contemplated by Proposition 21's section 707.1 does not include the foreperson of a grand jury.

Although the term "prosecuting officer" has not been defined by statute, under Penal Code section 691, subdivision (d), "[t]he words 'prosecuting attorney' include any attorney, whether designated as district attorney, city attorney, city prosecutor, prosecuting attorney, or by any other title, having by law the right or duty to prosecute, on behalf of the people, any charge of a public offense." While it may be said that the foreperson of the grand jury participates in the filing of an accusatory pleading (*id.*, § 944), the foreperson's function ends at that point. He or she does not have the "right or duty to prosecute," and is therefore not a "prosecuting officer" within the meaning of Penal Code section 691, subdivision (d).

Section 707, subdivision (d)(4), set forth in footnote 3, *ante*, is also significant in our analysis. It states that when "the district attorney or other appropriate prosecuting officer has filed an accusatory pleading" in adult court, "the case shall then proceed according to the laws applicable to a criminal case. In conjunction with the preliminary hearing as provided for in Section 738 of the Penal Code, the magistrate shall make a finding that reasonable cause exists to believe that the minor comes within the provisions of this subdivision."

The use of the words "district attorney or other appropriate prosecuting officer has filed" indicates an intent to proceed by way of a preliminary hearing, because such language is not consistent with a grand jury proceeding. So, too, the reference to the preliminary hearing itself, which sets forth the requirement that the magistrate shall make a finding of reasonable cause that the minor falls within the scope of section 707, subdivision (d)(4).

Given that our state Constitution now forbids a defendant who is being prosecuted by indictment from being afforded a preliminary hearing (see *Bowens v. Superior Court, supra,* 1 Cal.4th at p. 39), the reference to the duty of the magistrate strongly suggests that the drafters of Proposition 21 did not envision grand jury indictment as being a part of the new statutory scheme.

The People tender an interpretation of section 707 that would render it compatible with rules applicable to grand jury indictment. The People urge, without citation of authority, that because the prosecutor plays such a key role in the procedure by which an indictment is returned, a "better interpretation of the first sentence of section 707, subdivision (d)(4) [(see fn. 3, *ante*)] . . . would include the presenting of an unendorsed indictment to a grand jury." (Fn. omitted.) The People also consider the reference to preliminary hearings to be of no consequence because the statute further specifies that the preliminary hearing is to be provided pursuant to Penal Code section 738, which states that "[t]he proceedings for a preliminary examination must be commenced by written complaint . . . ." The People continue that, "[b]ecause no complaint is filed in cases where a grand jury returns an indictment, it follows, *a fortiori*, that the reference in section 707, subdivision (d)(4), to 'the preliminary hearing as provided for in Section 738' does not apply in cases commenced by indictment. Section 707, subdivision (d)(4), should instead be read as a requirement imposed upon the magistrate <u>when</u> a preliminary hearing is held as to section 707, subdivision (d), cases; those references, however, do not mandate a preliminary hearing." (Underscoring in original.)

As the People's position does not find support in the specific language of Proposition 21, we look to the initiative's purposes. Included is the purpose of requiring "more juvenile offenders to be tried in adult court." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) analysis of Prop. 21 by Legis. Analyst, p. 45.) Under Proposition 21, "prosecutors would be allowed to directly file charges against juvenile offenders in adult court under a variety of circumstances without first obtaining permission of the juvenile court." (*Ibid.*) And the proponents urged that "Proposition 21 ends the 'slap on the wrist' of current law by imposing real consequences for GANG MEMBERS, RAPISTS AND MURDERERS who cannot be reached through prevention or education." (Ballot Pamp., Primary Elec., *supra,* argument in favor of Prop. 21, p. 48.)

We conclude that nothing in the language of the ballot pamphlet materials states or implies that procedures pertinent to grand juries should be grafted wholesale onto the juvenile law in order to impose more severe consequences on minors. Rather, the Legislative Analyst's explanation that *prosecutors* would be allowed to file directly in adult court is inconsistent with

the notion of prosecution accomplished by grand jury indictment. In sum, the People's contention that section 707, subdivision (d)(4), does not require a preliminary hearing is the product of a strained attempt to create ambiguity where none exists.

Finally, even if we deem the language of section 707, subdivision (d) susceptible of an interpretation that would support indictment, the language of section 602, subdivision (b) clearly is not. One of our tasks is to bring harmony to the statutory scheme implemented by Proposition 21. It would do violence to that scheme to conclude that defendants subject to the mandatory direct filing provisions of section 602, subdivision (b), may not be indicted while at the same time concluding that indictment is proper with respect to defendants subject to discretionary direct filing under section 707, subdivision (d).

## III

In referring throughout their briefing to "laws applicable to criminal cases" (§ 707, subd. (d)(4)) or to "general law" (§ 602, subd. (b)), the People ignore the rationale of the case on which they depend, *People v. Aguirre, supra,* 227 Cal.App.3d 373. The cornerstone of the *Aguirre* analysis was that the defendant "cite[d] no case authority for his contention that a grand jury has no jurisdiction to indict a minor, and our own research has not found any cases in California or any other state which support that conclusion." (*Id.* at p. 378.) Thus, according to *Aguirre,* indictment in that case was a permissible vehicle by which to "initially charge[]" the defendant. (*Id.* at p. 380.)

₀ Postindictment preliminary hearings have long since been abolished. And Proposition 21 has undercut the rationale of *Aguirre* by its lack of reference to indictment its inclusion of language incompatible with indictment set forth in sections 602, subdivision (b), and 707, subdivision (d). These statutes now constitute the authority, which the *Aguirre* court found lacking, that a juvenile cannot be prosecuted in adult court without being granted a preliminary hearing.

We express no opinion on the validity of *Aguirre*'s core holding that the indictment of a minor will be deemed to commence a prosecution for the purposes of the statute of limitations. Here, the trial court, misconceiving the limited nature of *Aguirre,* refused to dismiss the indictment against defendants Gevorgyan and Msryan but ordered that they be granted a postindictment preliminary hearing in violation of California Constitution, article I, section 14.1. Indeed, the difficulties inherent in interpreting a new statutory scheme were recognized by the trial court itself, which expressed the opinion

that even if it were to sustain defendants' demurrers, the case could be filed a third time pursuant to Penal Code section 1387.1.[5] Nonetheless, the demurrers to the indictment of all three defendants should have been sustained.

### DISPOSITION

Let a peremptory writ of mandate issue ordering respondent superior court to (1) vacate its orders (a) overruling the demurrers of defendants Terteryan, Gevorgyan and Msryan and (b) granting a preliminary hearing to defendants Gevorgyan and Msryan, and to (2) enter new and different orders sustaining those demurrers on the ground that the instant prosecution may not proceed by grand jury indictment. The temporary stay orders issued in this matter on January 31, 2001, and February 2, 2001, as modified on February 22, 2001, are dissolved.

Spencer, P. J., and Ortega, J., concurred.

The petition of petitioner the People for review by the Supreme Court was denied November 20, 2001. Chin, J., was of the opinion that the petition should be granted.

---

[5]Penal Code section 1387.1 provides in pertinent part: "(a) Where an offense is a violent felony . . . , the people shall be permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 were due solely to excusable neglect." (See also Pen. Code, § 1387, subd. (c) [order terminating action not a bar to prosecution if complaint based on same subject matter dismissed before preliminary hearing in favor of indictment].)