[No. G008418. Fourth Dist., Div. Three. Jan. 30, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GUSTAVO MOLINARES AGUIRRE, Defendant and Appellant.

**COUNSEL**

Christopher T. Armen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DICKEY, J.*—**

Gustavo Molinares Aguirre pleaded guilty to 15 felony charges arising out of a nighttime assault on a young man and woman on the beach in Orange County in 1981. He was sentenced to 18 years in prison. On appeal he raises a single issue, contending that the grand jury indictment returned against him in 1985 could not toll the statute of limitations because the grand jury has no power to indict a minor. ▮ ▮ ▮ ▮ Finding Aguirre's contention to be without merit, we affirm the judgment.[1]

### FACTS

In the early morning hours on August 15, 1981, Robert B. and Evelyn H. traveled to Huntington State Beach expecting to meet friends for a campfire. Apparently the first to arrive, they spread a blanket on the sand

---

*Assigned by the Chairperson of the Judicial Council.

[1] The Attorney General takes a threshold position that the appeal should be dismissed because Aguirre waived the right to appeal due to noncompliance with Penal Code section 1237.5 which requires that a notice of appeal from a judgment based on a guilty plea contain "a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." The notice of appeal signed by Aguirre's trial counsel states, "The sole issue on appeal is the trial court's denial of appellant's motion to dismiss all proceedings on the grounds that the trial court lacked jurisdiction to proceed on this matter due to the running of the statute of limitations." However, the statement is not made under oath or penalty of perjury as required by the statute. The statute is designed to discourage and weed out frivolous appeals following guilty pleas. Here, however, the record shows that the issue on appeal was raised by Aguirre both in the juvenile court and adult court by appropriate motions before his guilty pleas. His trial counsel also unsuccessfully petitioned this court for a writ of habeas corpus on the same ground prior to the change of pleas. (*In re Gustavo Molinares A.* (July 7, 1988) G006796 [nonpub. opn.].) Following sentencing, the same judge who had denied the pretrial motion and accepted Aguirre's guilty pleas, stated, "You did have some issues that you raised before trial, and obviously the court's rulings are subject to appeal and further review by the appellate courts." Under these circumstances, it is clear that the appeal is not frivolous, and we have determined to decide it on its merits.

and waited for their friends. A group of seven or eight young men approached, including Aguirre, who was sixteen years old at the time.[2] One of the group stated to Robert, "When you get done with her, send her over our way." Fearing trouble, Evelyn and Robert moved several yards down the beach.

A few minutes later the group of men attacked Robert, threatening him with a knife. He was knocked unconscious and dragged away by several of the men. Several other men blindfolded Evelyn with a bandana and removed her clothing. A number of the men then proceeded to forcibly rape Evelyn, and she was compelled to orally copulate them. The acts were repeated several times. Passersby approached and the seven attackers fled.[3] An ongoing investigation culminated in an indictment by the grand jury of all seven men, including Aguirre, on December 10, 1985, and a bench warrant for his arrest was issued on the following day.[4] Aguirre was arrested in Arizona on November 18, 1987, and extradited to California. When he appeared in the superior court, the court found he was 16 years of age at the time of the offenses, and accordingly suspended the criminal proceeding and certified the case to juvenile court. The matter was subsequently returned to the adult court for arraignment on the indictment,[5] where Aguirre obtained an order for a postindictment preliminary hearing. He was held to answer after the preliminary hearing and thereafter the People filed an information identical to the 1985 indictment. Aguirre subsequently pleaded guilty to all 15 counts of that information.

## DISCUSSION

Aguirre's argument proceeds as follows: (1) the juvenile court has exclusive initial jurisdiction over persons under 18 years of age who commit acts in violation of the criminal laws; (2) an order of the juvenile court adjudging such a minor to be a ward of juvenile court is not deemed a conviction of a crime for any purpose; (3) a grand jury may only inquire into and indict for the commission of "public offenses" and, therefore, (4) a

---

[2] It is indisputed that Aguirre was 16 years of age at the time of these offenses, having been born July 18, 1965, in Sonora, Mexico.

[3] One member of the original group did not participate in the crimes. He was abandoned by the others when they fled, and later found asleep on the beach near the scene. He was arrested and convicted, but this court reversed his convictions and he was later exonerated. (*People* v. *Navarro* (Jan. 28, 1985) G000699 [nonpub. opn.].)

[4] At the time of the indictment, Aguirre was 20 years of age.

[5] Although the record before us is silent on the subject, it appears the juvenile court found the then 22-year-old Aguirre not a fit and proper subject to be dealt with under the juvenile court law and ordered that criminal proceedings resume. (Welf. & Inst. Code, §§ 707, subd. (c), 707.1.)

grand jury has no jurisdiction to indict a person under the age of 18 until after that person has been the subject of a juvenile court petition and been found unfit to be handled under the juvenile court law. From this reasoning Aguirre then concludes that the six-year statute of limitations applicable to his offenses had already expired on August 15, 1987, before he was arrested and the 1988 petition was filed against him in juvenile court. In other words, he seeks to persuade this court that the 1985 grand jury indictment was a nullity rather than a commencement of the prosecution against him which would toll the six-year statute of limitations pursuant to Penal Code section 804, subdivision (a).[6]

Aguirre cites no case authority for his contention that a grand jury has no jurisdiction to indict a minor, and our own research has not found any cases in California or any other state which support that conclusion. The grand jury has its origins in the early English common law and remains an established part of the American federal and state systems of criminal administration. (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 1797, p. 2125.) "A grand jury is a body of the required number of persons returned from the citizens of the county before a court of competent jurisdiction, and sworn to inquire of public offenses committed or triable within the county." (Pen. Code, § 888.) "The grand jury may inquire into all public offenses committed or triable within the county and present them to the court by indictment." (Pen. Code, § 917.) "An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense." (Pen. Code, § 889; see also Pen. Code, § 691, subd. (d).) As we have noted, no cases limit the authority of the grand jury to indict persons of any age, providing the offense has been committed or is triable within the county.

In contrast, juvenile court laws designed to deal with young persons in a more beneficent manner than adults who commit the same offense are of relatively recent vintage. In 1903, California became the seventh state to enact a juvenile court act providing for separate jurisdiction over dependent, neglected and delinquent children. Provisions for a separate juvenile court were established in 1909. Major revisions of California juvenile court law occurred in 1937, 1961, and 1977. But the purpose has remained essentially the same. Because of an increase in serious crimes committed by many

---

[6] Penal Code section 804 provides in relevant part as follows: "[P]rosecution for an offense is commenced when any of the following occurs: [¶] (a) An indictment or information is filed . . . . [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." Aguirre does not dispute the sufficiency of the 1985 indictment and bench warrant to meet the statutory requirement if the grand jury has jurisdiction to indict a minor.

persons under the age of 18, punishment has assumed a more important role in the statutory scheme in recent years. But such punishment remains for the purpose of rehabilitation, rather than retribution. (See Welf. & Inst. Code, § 202.)

In California, the juvenile court has original jurisdiction over persons who are charged with committing crimes while under the age of 18 years. (Welf. & Inst. Code, § 602.) Proceedings seeking to have a minor declared a ward of the juvenile court in such cases are commenced by a petition filed by the district attorney. (Welf. & Inst. Code, § 650, subd. (b).) A minor who is 16 years of age or older (such as Aguirre) may be prosecuted in adult court if he or she is first found unfit to be dealt with under the juvenile court law. (Welf. & Inst. Code, § 707.)

"An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." (Welf. & Inst. Code, § 203.) ▆ However, the fact that wardship proceedings are not deemed criminal does not mean that minors are incapable of committing crimes. Our juvenile court law explicitly recognizes minors are capable of committing crimes. "Indeed, the violation of a law defining crime is the basis for an adjudication of wardship under Welfare and Institutions Code section 602." (*Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 618 [198 Cal.Rptr. 749].) "The minor cannot be adjudged a ward of the court except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he is charged. [Citations.] . . . If the minor is found to have committed an offense which in the case of an adult would be punishable as a misdemeanor or a felony, then the juvenile court must declare whether the offense is a misdemeanor or a felony. [Citation]." (*Ibid.*) The appellant's argument in *Shortridge* was similar to Aguirre's: A minor cannot commit a crime because, by definition crimes must have a punishment (Pen. Code, § 15) and since juvenile court proceedings are not designed for punishment, juveniles are never punished. *Shortridge* rejected that argument, concluding minors are capable of committing crimes even though they are not subject to punishment in the same fashion as adults.

More recently, a similar contention was also rejected in *In re Gustavo M.* (1989) 214 Cal.App.3d 1485 [263 Cal.Rptr. 328]. There, the minor argued the statute of limitations applicable to adults who committed the same felony should not apply to him because he could not be convicted of a crime in juvenile court. The appellate court disagreed, noting that the violation of a law defining a crime is the basis for jurisdiction under Welfare and Institutions Code section 602. It reads, "Any person who is under the age of 18

years when he violates any law . . . defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." We agree with *Shortridge* and *Gustavo M*. ■ The language of Welfare and Institutions Code section 203 does not mean that a person has not committed a crime simply because he or she was under the age of 18 years at the time.[7]

A minor 16 years of age or older may be found unfit to be dealt with under the juvenile court law. If so, he or she is then subject to prosecution in an adult court of criminal jurisdiction. (Welf. & Inst. Code, §§ 707, 707.1.) In other words, both the juvenile court and the adult court have concurrent jurisdiction over a person who was 16 or 17 years of age at the time of his or her offense, with original jurisdiction in the juvenile court. Minors under the age of 16 who violate a criminal statute are under the exclusive jurisdiction of the juvenile court. However, nothing in the juvenile court law suggests that minors alleged to have violated a criminal law may not be initially charged by complaint or by indictment, even though it is clear that a petition filed in juvenile court by the district attorney is the method by which juvenile court proceedings seeking a determination of wardship are commenced. (Welf. & Inst. Code, § 650, subd. (b).)[8]

The same juvenile court law has for many years included provisions recognizing that a minor may face an accusation of criminal conduct in adult court before he or she has been certified to the juvenile court. (Welf. & Inst. Code, § 707.1, subd. (a).) Section 603 of the Welfare and Institutions Code provides, "No court shall have jurisdiction to conduct a preliminary examination or to *try* the case of any person upon an accusatory pleading charging such person with the commission of a public offense or crime when such person was under the age of 18 years at the time of the alleged commission thereof unless the matter has first been submitted to the juvenile court by petition as provided in Article 7 (commencing with section 650), and said juvenile court has made an order directing that such person be prosecuted under the general law." (Italics added.) ■ The word "try" has a well understood meaning: "To examine judicially. To examine and investigate a controversy, by the legal method called 'trial,' for the

[7] "Indeed, to hold otherwise would be to engage in a 'legal fiction, presenting a challenge to credulity and doing violence to reason.' (See *In re Contreras* (1952) 109 Cal.App.2d 787, 789 [241 P.2d 631].)" (*Shortridge* v. *Municipal Court, supra*, 151 Cal.App.3d at p. 618, fn. 7.)

[8] It is significant to note that the issues in this case involve only statutory, not constitutional, rights. Although procedural rights differ in many respects between juvenile and adult proceedings, a minor who commits a crime has no constitutional right to be handled under a juvenile court law, so long as the Legislature has not created arbitrary or discriminatory classifications. (*Woodard* v. *Wainwright* (5th Cir. 1977) 556 F.2d 781.)

purpose of determining the issues it involves." (Black's Law Dict. (5th ed. 1979) p. 1358, col. 2.) Section 604 of the Welfare and Institutions Code then provides, "(a) Whenever a case is before any court upon an accusatory pleading and it is suggested or appears to the judge before whom the person is brought that the person charged was, at the date the offense is alleged to have been committed, under the age of 18 years, the judge shall immediately suspend all proceedings against the person on the charge; he or she shall examine into the age of the person, and if, from the examination, it appears to his or her satisfaction that the person was at the date the offense is alleged to have been committed under the age of 18 years, he or she shall immediately certify [the case] to the juvenile court of the county . . . ."[9]

█ In light of the fact that complaints and indictments are both accusatory pleadings, it is clear the law contemplates a person may appear before the court upon an accusatory pleading such as a grand jury indictment filed in the superior court, even though he or she was in fact under the age of 18 years at the time the offenses were committed. Upon a suggestion, however, that the accused was a minor, the court must immediately suspend the criminal proceeding, and conduct a hearing to determine the minor's age at the time of the offense.[10] The court did exactly that after Aguirre initially appeared to face the charges in the grand jury indictment.

*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698 [135 Cal.Rptr. 392, 557 P.2d 976], overruled on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34 [164 Cal.Rptr. 1, 609 P.2d 468], seems to suggest a contrary result. Although that case dealt with an unrelated issue, the Supreme Court explained, "Juvenile courts exercise exclusive initial jurisdiction over all youths under 18 years of age [citation] and, until that court makes a certification order [citation], the superior court lacks jurisdiction to make any order affecting a juvenile [citation] except, perhaps, to suspend criminal proceedings and transfer an accused to the juvenile court when such proceedings have been inadvertently commenced against him in the superior court [citation]." (*Id.*, at p. 710.) █ Although the statement appears to be dictum, we must consider whether it means accusatory pleadings may be filed in adult court against minors only when the filing is "inadvertent." For several reasons, we conclude that is not the case and that, in using the quoted language, the Supreme Court was not stating a sine qua non for the validity of an accusatory pleading.

---

[9] Newly enacted rules 241.2 and 529.2 of the California Rules of Court supplement the statutory procedure for certifying a case to juvenile court.

[10] Of course, the person charged in the complaint or indictment may, if he or she has reached the age of 18 years by the time of appearance in court, elect to waive the right to adjudicate the charges in juvenile court. (*Rucker* v. *Superior Court* (1977) 75 Cal.App.3d 197, 200-201 [141 Cal.Rptr. 900].)

We note that it is often difficult to obtain accurate information concerning the dates of birth of foreign-born persons appearing before our courts. This court recently decided a dispute over the burden of proof in one such case. (*People* v. *Nguyen* (1990) 222 Cal.App.3d 1612 [272 Cal.Rptr. 523]; see also *In re Manuel P.* (1989) 215 Cal.App.3d 48, 55, fn. 5 [263 Cal.Rptr. 447].) ■ As we explained in *Nguyen*, proof of a suspect's age is not an element of the offense which the prosecution must prove beyond a reasonable doubt, but merely determines which branch of the superior court will decide the person's guilt or innocence, i.e., the juvenile court or the adult court. (*People* v. *Nguyen*, *supra*, 222 Cal.App.3d at p. 1621.) Under Aguirre's theory, the prosecution would be required to conduct an independent investigation into every young suspect's age before filing charges, even though the necessary information may not be readily available until after the suspect appears in court. Even then, determining the true age of the defendant may be difficult because of the absence of accurate birth records, as the *Nguyen* case illustrates.[11] In some cases, it will be impossible for the district attorney to verify a petition to initiate juvenile court proceedings because it requires, among other things, the age of the minor who is the subject of the petition.[12] Thus, adopting the position taken by Aguirre, the prosecution might, for lack of sufficient reliable information concerning the suspect's birthdate, be forced to watch helplessly as the statute of limitations expires on a serious felony offense. We decline to conclude the law requires such an absurd result.

■ While the filing of a petition under the juvenile court law remains the principal method of commencing proceedings against a criminal suspect known to be under the age of 18 years when the crimes were committed, the law does not preclude the filing of an accusatory pleading such as the grand jury indictment in this case against a person who may have been under the age of 18 at the time of the commission of the offense. Once the person is brought before the court, and it is suggested or appears to the court that he or she was under 18 years of age when the offenses were committed, the law provides a procedure to determine which court will adjudicate the charge. (Welf. & Inst. Code, § 604; *People* v. *Nguyen*, *supra*, 222 Cal.App.3d 1612.)

---

[11] A striking affirmation of the existence of the problem is found in recently enacted legislation, Welfare and Institutions Code section 608, which provides: "In any case in which a person is alleged to be a person described in Section 601 or 602, or subdivision (a) of Section 604, and the age of the person is at issue and the court finds that a scientific or medical test would be of assistance in determining the age of the person, the court may consider ordering an examination of the minor using the method described in 'The Permanent Mandibular Third Molar' from the Journal of Forensic Odonto-Stomatology, Vol. 1: No. 1: January-June 1983."

[12] Welfare and Institutions Code section 656 states: "A petition to commence proceedings in the juvenile court to declare a minor a ward of the court shall be *verified* and shall contain all of the following: . . . (d) the name, *age*, and address, if any, of the minor upon whose behalf the petition is brought." (Italics added.)

The superior court correctly determined the prosecution against Aguirre commenced with the filing of the indictment against him on December 10, 1985, a date within the applicable six-year statute of limitations.

Judgment affirmed.

Wallin Acting P. J., and Moore, J., concurred.

A petition for a rehearing was denied February 26, 1991, and the opinion was modified to read as printed above.