[No. S109642. July 17, 2003.]

SHANNON GUILLORY, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

David C. Coleman III, Public Defender, Winnifred S. Gin and Ron Boyer, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gary T. Yancey, Robert J. Kochly, District Attorneys, and L. Douglas Pipes, Deputy District Attorney, for Real Party in Interest.

OPINION

**BROWN, J.**—Welfare and Institutions Code[1] section 602, subdivision (b) (hereafter section 602(b)), as amended on March 7, 2000, by Proposition 21 (entitled the Gang Violence and Juvenile Crime Prevention Act of 1998), mandates prosecution in adult criminal court of minors who are at least 14 years of age at the time they allegedly commit certain murders or sex offenses. In this case we consider whether a prosecution under section 602(b) may be initiated by grand jury indictment. We conclude a minor may be indicted under section 602(b), and therefore affirm the judgment of the Court of Appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

On April 18, 2001, a Contra Costa County grand jury returned an indictment against petitioner Shannon Guillory. Petitioner was a minor at the time of the alleged offenses. The indictment alleges petitioner was 14 years of age or older when she personally killed Calvin Curtis, and that a special circumstance enumerated in Penal Code section 190.2, subdivision (a), was applicable. (Welf. & Inst. Code, § 602(b).) It further alleges petitioner committed seven felonies: first degree murder with special circumstances (Pen. Code, §§ 187, 190.2, subd. (a)(17)), first degree residential robbery (*id.*, §§ 211, 212.5, subd. (a)), carjacking (*id.*, § 215, subd. (a)), kidnapping for robbery (*id.*, § 209, subd. (b)), kidnapping for carjacking (*id.*, § 209.5, subd. (a)), felony child abuse (*id.*, § 273a, subd. (a)), and kidnapping (*id.*, § 207, subd. (a)).

Petitioner demurred to the indictment, ultimately asserting that a juvenile may not be indicted by a grand jury pursuant to section 602(b). The trial court overruled the demurrer. The Court of Appeal denied petitioner's ensuing petition for writ of mandate in a published opinion, modified the opinion, and denied her petition for rehearing. Expressly disagreeing with *People v. Superior Court (Gevorgyan)* (2001) 91 Cal.App.4th 602 [110 Cal.Rptr.2d 668] (*Gevorgyan*), the court held a minor may be indicted pursuant to section 602(b). We granted petitioner's petition for review.

## II. DISCUSSION

Section 602, subdivision (a), sets forth a general rule that minors who commit crimes fall within the juvenile court's jurisdiction.[2] (*Manduley v.*

---

[1] All further statutory references are to this code unless otherwise indicated.

[2] Section 602, subdivision (a), provides: "Except as provided in subdivision (b), any person who is under the age of 18 years when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an

*Superior Court* (2002) 27 Cal.4th 537, 548 [117 Cal.Rptr.2d 168, 41 P.3d 3] (*Manduley*).) Section 602(b) is an exception to this general rule, providing: "Any person who is alleged, when he or she was 14 years of age or older, to have committed one of the following offenses shall be prosecuted under the general law in a court of criminal jurisdiction: [¶] (1) Murder, as described in Section 187 of the Penal Code, if one of the circumstances enumerated in subdivision (a) of Section 190.2 of the Penal Code is *alleged by the prosecutor*, and *the prosecutor alleges* that the minor personally killed the victim. [¶] (2) [Enumerated] sex offenses, if *the prosecutor alleges* that the minor personally committed the offense, and if *the prosecutor alleges* one of the circumstances enumerated in the One Strike law, subdivision (d) or (e) of Section 667.61 of the Penal Code, applies . . . ." (Italics added.)

Petitioner does not contend that a juvenile may never be indicted, only that a prosecution under section 602(b) may not be initiated by indictment. (See *People v. Aguirre* (1991) 227 Cal.App.3d 373, 378 [277 Cal.Rptr. 771] ["no cases limit the authority of the grand jury to indict persons of any age, providing the offense has been committed or is triable within the county"].) In particular, she adopts the interpretation of section 602(b) in *Gevorgyan*, which held the language "alleged by the prosecutor" and "the prosecutor alleges" refers solely to an information because an indictment contains the allegations of the grand jury, not the prosecutor. (*Gevorgyan, supra*, 91 Cal.App.4th at pp. 611–612.) The People argue that once an "indictment is presented to the superior court it becomes the accusatory pleading of the prosecutor."

We agree with the People.  ██  The focus of Welfare and Institutions Code section 602(b) appears to be on the circumstances alleged, not on who alleges them. Indeed, as a practical matter, because the prosecutor represents the People in every criminal action whether initiated by indictment or information, he has a hand in making all. such allegations. (Gov. Code, § 26500; Pen. Code, § 684; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063].) In any event, we find persuasive the following portion of the Court of Appeal's analysis:

"To assess whether an indictment contains the allegations of the prosecutor, we first examine the role served by an indictment. The California Constitution specifies that felonies [shall] be prosecuted either by 'indictment or, after examination and commitment by a magistrate, by information.' (Cal. Const., art. I, § 14.) Penal Code section 949 reads in pertinent part, 'The first pleading on the part of the people in the superior court in a felony case is the indictment, information, or the complaint in any case certified to the superior

ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

court under [Penal Code] Section 859a.' The People of the State of California are the plaintiff in every criminal proceeding (Pen. Code, § 684), and the public prosecutor has the sole responsibility to represent the People of the State of California in the prosecution of criminal offenses. (*Dix v. Superior Court,* [*supra,*] 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063].) Accordingly, 'the *first pleading by the prosecution* in felony cases may be either an *indictment* or an *information.*' (4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, § 169, p. 374, italics added.)

"It is important to understand the role that the grand jury plays in the indictment process. The grand jury is a judicial body that is part of the judicial branch of government. (*McClatchy Newspapers v. Superior Court* (1988) 44 Cal.3d 1162, 1171–1172 [245 Cal.Rptr. 774, 751 P.2d 1329].) The role of the grand jury in an indictment proceeding is to 'determine whether probable cause exists to accuse a defendant of a particular crime.' (*Cummiskey v. Superior Court* (1992) 3 Cal.4th 1018, 1026 [13 Cal.Rptr.2d 551, 839 P.2d 1059].) In this capacity, the grand jury serves as the functional equivalent of a magistrate who presides over a preliminary examination on a felony complaint. 'Like the magistrate, the grand jury must determine whether sufficient evidence has been presented to support holding a defendant to answer on a criminal complaint.' (*Id.* at p. 1027.) Thus, the grand jury serves as part of the charging process in very much the same manner as does a magistrate in a prosecution initiated by complaint.

"When the district attorney chooses to proceed by indictment rather than by information, the indictment itself must be 'draw[n]' by the district attorney. (Gov. Code, § 26502.) However, a prosecutor who draws an indictment acts as more than a mere scribe. The prosecutor alleges the facts contained in the indictment and is bound by rule 5-110 of the California Rules of Professional Conduct, which prohibits prosecutors from 'institut[ing] or caus[ing] to be instituted criminal charges when the member knows or should know that the charges are not supported by probable cause.' The public prosecutor is also specifically charged 'within his or her discretion' to 'initiate and conduct . . . all prosecutions.' (Gov. Code, § 26500.) Therefore, while the indictment may contain the allegations of the grand jury, it also contains the allegations of the prosecutor, who drafts the indictment and who is bound to exercise discretion to initiate the prosecution only upon such charges that the prosecutor knows are supported by probable cause.

"Not only does the indictment contain the allegations of the prosecutor when first presented to the grand jury, . . . it also effectively contains the prosecutor's allegations when returned by the grand jury and filed with the court. As noted above, the indictment is the first pleading of the prosecution charging the defendant with a crime. The prosecutor does not thereafter file a separate document containing the charging allegations against the defendant."

■ In light of the Court of Appeal's foregoing analysis, once an indictment is filed in the trial court and the prosecutor carries forward a prosecution based on that pleading, the indictment necessarily contains the prosecutor's allegations. Indeed, the prosecutor has certain discretion regarding the indictment. He may seek to amend it, for example, to charge prior convictions not included in the indictment, without any further action on the part of the grand jury. (Pen. Code, § 969a.) He may also seek dismissal of the action in furtherance of justice. (Pen. Code, § 1385, subd. (a).)

■ Moreover, it appears section 602(b) does not come into play until after the indictment is filed in the trial court. Section 602(b) provides that certain minors "shall be prosecuted under the general law in a court of criminal jurisdiction." It then makes reference to the language at issue here regarding the prosecutor's allegations. Arguably, the time at which a minor is "prosecuted under the general law in a court of criminal jurisdiction" (*ibid.*) is following the filing of an indictment. That is because the trial court cannot determine whether the allegations satisfy the section 602(b) criteria, and hence the minor is properly in a court of criminal jurisdiction on that basis, until the indictment is filed. Once the indictment is filed in the trial court, it is the prosecutor who proceeds with the criminal action. Thus, the allegations in the indictment essentially become his own. (See Pen. Code, § 949.)

It is significant that at the time Proposition 21 was approved by the voters, former section 602(b) expressly referred to "the right to a preliminary hearing." (Stats. 1999, ch. 996, § 12.2.) ■ Historically, former section 602 simply contained language similar to that in current section 602, subdivision (a), and hence contained no exceptions for prosecution in adult criminal court. (See Stats. 1976, ch. 1071, § 12, p. 4819; Stats. 1972, ch. 84, § 1, p. 109; Stats. 1971, ch. 1748, § 66, p. 3766; Stats. 1961, ch. 1616, § 2, p. 3472.) In 1999, prior to the passage of Proposition 21, former section 602 was amended by the Legislature, effective January 1, 2000. This amendment required prosecution in adult criminal court for certain cases and contained the language at issue here, "the prosecutor alleges," in some but not all of the delineated offenses.[3] (Stats. 1999, ch. 996, § 12.2.)

---

[3] As amended in 1999, former section 602(b) provided in part:

"(b) Subject to the provisions of this section, any person 16 years of age or older, who is alleged and proven to have been declared a ward of the court pursuant to this section on one or more prior occasions for the commission of one or more felonies, committed after he or she had attained the age of 14 years, shall be prosecuted in a court of criminal jurisdiction if he or she is alleged to have committed any of the following criminal offenses:

"(1) Murder in the first degree, as described in Sections 187 and 189 of the Penal Code, if the prosecutor alleges that the minor personally killed the victim.

"(2) Attempted, willful, deliberate, and premeditated murder, if the prosecutor alleges that the minor personally attempted to kill the victim.

Most important, former section 602 also contained former subdivision (c), which provided in part: "Any minor directly charged under subdivision (b) *shall have the right to a preliminary hearing to determine if there is probable cause to hold him or her to answer.*" (Stats. 1999, ch. 996, § 12.2, italics added.) Neither party here relies on this language in former subdivision (c), which was deleted by the passage of Proposition 21,[4] in interpreting the language "the prosecutor alleges" and "alleged by the prosecutor." It could be that in referring to "the right to a preliminary hearing" in former subdivision (c), the Legislature simply intended to indicate that minors falling within the purview of former section 602(b) were entitled to the same panoply of protections adults received in criminal court. If so, nothing in the language of current section 602(b) indicates it was intended to newly give such a right, especially since the language "the right to a preliminary hearing" is omitted. On the other hand, it could be that minors had the right to a preliminary hearing under the former statute. If so, then the lack of such language in current section 602(b) indicates no such right is currently intended. ▮ In any event, it is significant that section 602(b), as amended by Proposition 21, contains no express reference to a preliminary hearing, despite petitioner's argument that a preliminary hearing is the only method by which she may be prosecuted under that statute.

▮ Finally, nothing in the Proposition 21 ballot materials indicates that a prosecution under section 602(b) must take a certain form, or may not proceed by way of indictment. The initiative's purpose was to "address the problem of violent crime committed by juveniles and gangs" in part by making "certain minors more accountable for serious crimes . . . , for example by authorizing prosecution of these minors in criminal court." (*Manduley, supra,* 27 Cal.4th at pp. 575–576.) It therefore seems unlikely such a limitation on the grand jury's historic authority to indict minors (an authority petitioner concedes) would go unmentioned. As the Court of Appeal noted,

---

"(3) [Enumerated] sex offenses, if the prosecutor alleges that the minor personally committed any of these offenses and that one of the circumstances enumerated in subdivision (d) or (e) of Section 667.61 of the Penal Code exists: [¶] . . . [¶]

"(4) Aggravated forms of kidnapping, for which the penalty is life in prison, and in which the perpetrator personally and intentionally exposed the victim to a substantial likelihood of death or great bodily injury.

"(5) Any felony enumerated in subdivision (a) of Section 12022.53 of the Penal Code, in which the minor personally uses and discharges a firearm, within the meaning of either subdivision (c) or (d) of Section 12022.53 of the Penal Code." (Stats. 1999, ch. 996, § 12.2.)

[4] For reasons that are not entirely clear, the ballot pamphlet contains the 1976, not the 1999, version of the statute. (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, p. 125.) Even if under these circumstances the electorate is not presumed to know the law, the fact of the matter is that section 602(b), as enacted by Proposition 21, contains no express reference to a preliminary hearing. (See *In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11 [210 Cal.Rptr. 631, 694 P.2d 744] [voters presumed to be aware of existing law].)

"By any fair reading of Proposition 21, the measure was intended to expand, not revoke, the authority of courts of criminal jurisdiction over juveniles, including the authority of grand juries over juveniles. [Fn. omitted.]"

Petitioner notes the grand jury is independent from the prosecutor, and argues "the allegations of the indictment, whether the prosecutor chooses to pursue them or not, remain the allegations of the grand jury." We do not disagree. ■ We merely conclude that once a prosecutor pursues those allegations, the allegations become not only those of the grand jury, but also of the prosecutor, within the meaning of section 602(b). Nor, in so doing, are we "conflat[ing]" the roles of prosecutor and grand jury, as petitioner argues, but rather respecting these roles.

Petitioner further argues that she is entitled to benefit from any reasonable doubt, or application of the rule of lenity, in the construction of section 602(b). "[T]he rule of lenity compels courts to resolve true statutory ambiguities in a defendant's favor, but this rule applies only if two reasonable interpretations of the statute stand in relative equipoise." (*People v. Anderson* (2002) 28 Cal.4th 767, 780 [122 Cal.Rptr.2d 587, 50 P.3d 368].) That is not the case here.

Petitioner also asserts that "[i]f the specific references to allegations made by a 'prosecutor' . . . do not exclude indictments returned by a grand jury," they are surplusage. Not so. ■ Notably, section 602(b) does not refer to the prosecutor, but merely to "[a]ny person who is alleged, when he or she was 14 years of age or older, to have committed one of the following offenses." As the People observe, the phrases "the prosecutor alleges" and "alleged by the prosecutor" in section 602(b)(1) and (2) appear to be used interchangeably with the word "alleged" in section 602(b). Once again, section 602(b) operates once the case is in the trial court, at which time it is the prosecutor who is making the relevant allegations. Nor, contrary to petitioner's assertion, does our reasonable construction of section 602(b) violate any rule requiring that exceptions to a general rule, such as section 602(b), be strictly construed.

Petitioner argues in her reply brief that "as a matter of due process, it is doubtful whether anything short of a formal, written act by the District Attorney could provide the key ingredient to the jurisdiction of the 'adult' superior court. [Citations.] Because of this apparent constitutional infirmity, this Court should avoid a construction of section 602 that would authorize proceeding on the basis of these oral or tacit allegations."

We do not rely, however, on "oral or tacit" allegations. ■ Rather, we conclude that once the indictment is filed in the trial court, that document

contains the prosecutor's allegations in the ensuing prosecution. Petitioner was on notice from the language of section 602(b) that she was subject to trial in a court of criminal jurisdiction should the indictment filed satisfy the criteria of that subdivision.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.[5]

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

---

[5] *People v. Superior Court (Gevorgyan)*, *supra*, 91 Cal.App.4th 602, is disapproved to the extent it is in consistent with this opinion.