Filed 4/28/14; pub. order 5/1/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ISAIAS ARROYO,<br><br>    Defendant and Respondent. | G048659<br><br>(Super. Ct. No. 12ZF0158)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, William R. Froeberg, Judge. Reversed.

Tony Rackauckas, District Attorney, and Stephan Sauer, Deputy District Attorney for Plaintiff and Appellant.

Frank Davis, Alternate Defender, and Antony C. Ufland, Deputy Alternate Defender for Defendant and Respondent.

*        *        *

The Orange County Grand Jury issued an indictment that charged defendant Isaias Arroyo and six other persons with conspiracy to commit murder (Pen. Code, §§ 187 & 182) and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)), plus alleged the defendants committed count 1 for the benefit of, at the direction of, or in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)). The indictment included a finding defendant and two others "were fourteen years old or over on the date of the violation and the conspiracy to commit murder charge[] . . . falls within . . . Welfare and Institutions Code section 707[, subdivision] (d)(2)." (Hereafter section 707(d); all further undesignated statutory references are to the Welfare and Institutions Code.)

Defendant initially pleaded not guilty to the charges and denied the enhancement allegation. He then demurred to the indictment, arguing "[section] 707(d) mandates that the prosecution proceed by way of [a] preliminary hearing and [i]nformation" when filing criminal charges against a minor in adult court, and thus "the grand jury . . . had no legal authority to inquire into the offenses charged as they relate to [defendant] as he was a juvenile at the time . . . ."

The court allowed defendant to withdraw his plea and sustained the demurrer on its merits, concluding section 707(d)(4) "requires a magistrate's determination that [a] juvenile" qualifies for prosecution in adult criminal court and thus the case could not proceed by way of an indictment. The People appeal from this ruling. (Pen. Code, § 1238, subd. (a)(2) [prosecution may appeal from order sustaining demurrer].) We agree the trial court erred in interpreting the statute and reverse.

2

DISCUSSION

*1. Standard of Review*

A defendant may demur to an indictment on the ground the grand jury issuing it "had no legal authority to inquire into the offense charged." (Pen. Code, § 1004, subd. (1).) We liberally construe an accusatory pleading, giving it "'a reasonable interpretation and read[ing it] as a whole with its parts considered in their context.'" (*People v. Keating* (1993) 21 Cal.App.4th 145, 150-151; see also *People v. Biane* (2013) 58 Cal.4th 381, 388.)

Since "a demurrer lies only to challenge the sufficiency of the pleading" (italics omitted) and "is limited to those defects appearing on the face of the accusatory pleading, [it] raises only issues of law." (*People v. Biane, supra,* 58 Cal.4th at p. 388.) In addition, this case requires us to construe statutory language governing when a juvenile may be prosecuted in an adult criminal court under the Gang Violence and Juvenile Crime Prevention Act of 1998 (Proposition 21) approved by the electorate in 2000. Thus, "interpretation of [the Act] is subject to de novo review on appeal." (*Solano v. Superior Court* (2009) 169 Cal.App.4th 1361, 1366.)

*2. Background*

Generally, "any person . . . under the age of 18 years when he or she violates any law of this state . . . defining crime . . . is within the jurisdiction of the juvenile court . . . ." (§ 602, subd. (a); *Solano v. Superior Court, supra,* 169 Cal.App.4th at p. 1367.) Before the enactment of Proposition 21, there were only a few exceptions to this rule. The prosecution was required to file criminal cases in adult court against a person 16 years old charged with certain enumerated crimes if the minor had previously been declared a ward of the juvenile court for committing a felony when at

3

least 14 years of age.  (Stats. 1999, ch. 996, § 12.2; *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 549.)  While under certain limited circumstances a minor as young as 14 years of age could be prosecuted in adult criminal court, the prosecution could only proceed against him or her after the juvenile court conducted a hearing and found the minor unfit to be dealt with in juvenile court.  (Stats. 1998, ch. 936, § 21.5; *Manduley v. Superior Court, supra,* 27 Cal.4th at pp. 548-549.)

Proposition 21 broadened the scope of circumstances where prosecutors can file criminal charges against juveniles without the necessity of a prior fitness hearing in the juvenile court and even requires the filing of some criminal actions in adult court. Section 707(d)(1) and (2) now declare that, under certain circumstances, "the district attorney or other appropriate prosecuting officer *may file* an *accusatory pleading* in a court of criminal jurisdiction against any minor" who is either at least 16 years old and charged with one of the crimes listed in subdivision (b) of the statute or at least 14 years of age if one or more criteria are met.  (Italics added.)  And section 602, subdivision (b) was amended to declare "[a]ny person who is . . . 14 years of age or older . . . *shall* be prosecuted under the general law in a court of criminal jurisdiction" if he or she is charged with first degree murder with special circumstances or certain sex crimes. (Italics added.)

Pertinent to this case, section 707(d)(2)(A) allows for a prosecution of a 14 year old in adult criminal court when "[t]he minor is alleged to have committed an offense that if committed by an adult would be punishable by death or imprisonment in the state prison for life."  Count 1 of the indictment charges defendant with conspiracy to commit murder.  Under Penal Code section 182, "in the case of conspiracy to commit murder, . . . the punishment shall be that prescribed for murder in the first degree."  (Pen. Code, § 182, subd. (a) 2d unnumbered par.)  First degree murder is punishable "by death, imprisonment in the state prison for life without the possibility of parole, or

4

imprisonment in the state prison for a term of 25 years to life." (Pen. Code, § 190, subd. (a).) Here, the indictment contains an express finding defendant fell within the terms of section 707(d)(2).

*3. The Prosecution of a Minor by Indictment*

Relying on the second sentence of section 707(d)(4), defendant argues an adult criminal prosecution against a minor cannot be commenced by a grand jury indictment. He claims that sentence means "'when' the prosecution files [criminal charges against] a minor in [a] criminal court, it must be 'in conjunction with the preliminary hearing,' and that 'a magistrate' 'shall' make a finding" the juvenile falls within section 707(d)'s criteria. Consequently, defendant asserts the prosecution could not charge him with a gang-related conspiracy to commit murder by grand jury indictment. We find this strained construction of section 707(d)(4) unsupportable.

"In interpreting a statute enacted by means of a voter initiative, ""we turn first to the language of the statute, giving the words their ordinary meaning."" [Citation.] Statutory language must be "'construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]."'" (*Solano v. Superior Court, supra,* 169 Cal.App.4th at pp. 1366-1367.)

With certain exceptions not relevant here, "public offenses must be prosecuted by indictment or information." (Pen. Code, § 682; see also Cal. Const., art. I, § 14.) Cases have recognized the historical authority of grand juries to issue indictments even against a minor. (*Guillory v. Superior Court* (2003) 31 Cal.4th 168, 173; *People v. Aguirre* (1991) 227 Cal.App.3d 373, 378.)

Section 707(d)(4) declares: "In any case in which the district attorney or other appropriate prosecuting officer has filed an accusatory pleading against a minor in a court of criminal jurisdiction pursuant to this subdivision, the case shall then proceed

5

according to the laws applicable to a criminal case.  In conjunction with the preliminary hearing as provided in Section 738 of the Penal Code, the magistrate shall make a finding that reasonable cause exists to believe that the minor comes within this subdivision.  If reasonable cause is not established, the criminal court shall transfer the case to the juvenile court having jurisdiction over the matter."

The subdivision's first sentence states that when a "district attorney or other appropriate prosecuting officer has filed *an accusatory pleading* against a minor in a court of criminal jurisdiction pursuant to this subdivision, *the case shall then proceed according to the laws applicable to a criminal case*."  (Italics added.)  Subdivision (d)(1) and (2) of section 707 also refer to filing "*an accusatory pleading*" (italics added) in enumerating the circumstances when a minor can be charged in adult criminal court.  The Penal Code defines the phrase "'accusatory pleading'" as "an indictment, an information, an accusation, and a complaint."  (Pen. Code, § 691, subd. (c); see also Pen. Code, § 949.)  The last clause of the first sentence also requires the case to "proceed according to the laws applicable to a criminal case."  (§ 707(d)(4).)  In another context we held in *Solano v. Superior Court, supra,* 169 Cal.App.4th 1361, the first sentence of section 707(d)(4) "strongly supports the . . . argument that minors should be treated the same as adults insofar as their cases should proceed according to the laws applicable in criminal cases."  (*Id.* at p. 1369.)  Thus, the language of section 707(d)(4) can be interpreted to allow criminal prosecution of a minor by indictment under the criteria of subdivision (d)(1) or (2).

Defendant focuses his argument on the references to the finding required by a magistrate at a preliminary hearing conducted under Penal Code section 738 [requiring "a preliminary examination of the case against the defendant and an order holding him to answer" "[b]efore an information is filed"] appearing in the second and third sentences of section 707(d)(4).  But neither sentence expressly bars commencing a criminal action

6

against a minor by indictment. Nor do they mandate that such a prosecution proceed solely by way of an information after a preliminary hearing. Further, contrary to defendant's assertion these sentences do not create the "right to a preliminary hearing," but merely require that a magistrate who conducts a preliminary hearing on a complaint filed against a juvenile under section 707(d)(4) "make a finding that reasonable cause exists to believe that the minor comes within this subdivision."

*Guillory v. Superior Court, supra,* 31 Cal.4th 168 rejected an analogous argument in holding prosecutors could proceed by an indictment when required to charge a juvenile in adult criminal court under section 602, subdivision (b). Recognizing Proposition 21 addressed "'the problem of violent crime committed by juveniles and gangs' in part by making 'certain minors more accountable for serious crimes'" and that it "'expand[ed] . . . the authority of courts of criminal jurisdiction over juveniles, including the authority of grand juries over juveniles'" (*id.* at pp. 176-177), *Guillory* concluded "[i]t therefore seems unlikely such a limitation on the grand jury's historic authority to indict minors . . . would go unmentioned" (*id.* at p. 176).

In *Guillory*, the Supreme Court cited with approval this court's earlier opinion in *People v. Aguirre, supra,* 227 Cal.App.3d 373, a pre-Proposition 21 case that rejected a claim the commencement of a criminal prosecution against a minor by indictment was a nullity. (*Guillory v. Superior Court, supra,* 31 Cal.4th at p. 173.) There the defendant participated in assaulting two persons in 1981. The grand jury timely issued an indictment charging the defendant and his accomplices with several crimes. But the defendant fled and was not arrested until 1987. At his arraignment, it was discovered he was only 16 years old when the crimes occurred. The matter was remanded to the juvenile court where, after the defendant was found unfit to be dealt with in that tribunal, the case was returned to adult court. Under the then-applicable case law, the case proceeded by way of a preliminary hearing and the filing of an information. On

7

appeal, the defendant argued his prosecution was untimely because the initial indictment was a nullity and the subsequent proceedings did not commence until after the six-year statute of limitation had expired. *Aguirre* rejected this argument, stating, "no cases limit the authority of the grand jury to indict persons of any age, providing the offense has been committed or is triable within the county." (*People v. Aguirre, supra,* 227 Cal.App.3d at p. 378.)

Defendant cites *People v. Superior Court (Gevorgyan)* (2001) 91 Cal.App.4th 602 (disapproved in part in *Guillory v. Superior Court, supra,* 31 Cal.4th at p. 178, fn. 5) to reach a different conclusion. *Gevorgyan* involved the indictment of three juveniles, one subject to section 602, subdivision (b), and two others charged under section 707(d). The Court of Appeal ordered the indictment dismissed as to all three juveniles. It concluded that since the statutes referred to charges either "alleged by the prosecutor" (§ 602, subd. (b)(1)) or filed by "the district attorney or other appropriate prosecuting officer" (§ 707(d)(1), (2), & (4)) they impliedly barred commencement of a criminal prosecution against an allegedly eligible juvenile by a grand jury indictment. (*People v. Superior Court (Gevorgyan), supra,* 91 Cal.App.4th at pp. 611-615.)

Discussing section 707(d) *Gevorgyan* stated: "The use of the words 'district attorney or other appropriate prosecuting officer has filed' indicates an intent to proceed by way of a preliminary hearing, because such language is not consistent with a grand jury proceeding. So, too, the reference to the preliminary hearing itself, which sets forth the requirement that the magistrate shall make a finding of reasonable cause that the minor falls within the scope of section 707[](d)(4). Given that our state Constitution now forbids a defendant who is being prosecuted by indictment from being afforded a preliminary hearing [citation], the reference to the duty of the magistrate strongly suggests that the drafters of Proposition 21 did not envision grand jury indictment as being a part of the new statutory scheme." (*People v. Superior Court (Gevorgyan), supra,* 91 Cal.App.4th at pp. 613-614.)

8

*Guillory* disapproved of *Gevorgyan's* interpretation of section 602, subdivision (b), rejecting the theory the statute's reference to charges "alleged by a prosecutor" meant a juvenile could be charged in adult criminal court only by an information after a preliminary hearing. *Guillory* explained, "'When the district attorney chooses to proceed by indictment rather than by information, the indictment itself must be "draw[n]" by the district attorney. [Citation.] . . . The prosecutor alleges the facts contained in the indictment and is bound by rule 5-110 of the California Rules of Professional Conduct, which prohibits prosecutors from "institut[ing] or caus[ing] to be instituted criminal charges when the member knows or should know that the charges are not supported by probable cause." . . . Therefore, while the indictment may contain the allegations of the grand jury, it also contains the allegations of the prosecutor, who drafts the indictment and who is bound to exercise discretion to initiate the prosecution only upon such charges that the prosecutor knows are supported by probable cause. [¶] 'Not only does the indictment contain the allegations of the prosecutor when first presented to the grand jury, . . . it also effectively contains the prosecutor's allegations when returned by the grand jury and filed with the court. As noted above, the indictment is the first pleading of the prosecution charging the defendant with a crime. The prosecutor does not thereafter file a separate document containing the charging allegations against the defendant.'" (*Guillory v. Superior Court, supra,* 31 Cal.4th at p. 174.)

*Gevorgyan's* parallel construction of section 707(d)(4) suffers from the same defect as its now-disapproved interpretation of section 602, subdivision (b). In analyzing both statutes, *Gevorgyan* arbitrarily focused on a few terms and failed to """"construe[ that language] in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].""" (*Solano v. Superior Court, supra,* 169 Cal.App.4th at p. 1367.) In addition, while acknowledging the California Constitution bars a preliminary hearing where a criminal prosecution proceeds by

9

indictment (Cal. Const., art. I, § 14.1), it failed to acknowledge the Constitution also declares "[f]elonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information" (Cal. Const., art. I, § 14). Thus, we conclude *Gevorgyan's* analysis of section 707(d)(4) is wrong and decline to follow it.

Defendant also argues his interpretation of this statute is supported by the Supreme Court's opinion in *Manduley v. Superior Court, supra,* 27 Cal.4th 537. This argument lacks merit. *Manduley* concerned facial constitutional challenges to Proposition 21. (*Id.* at p. 544-546.) In describing the changes made by Proposition 21, *Manduley* noted, "Where the prosecutor files an accusatory pleading directly in a court of criminal jurisdiction pursuant to section 707(d), at the preliminary hearing the magistrate must determine whether 'reasonable cause exists to believe that the minor comes within the provisions of' the statute . . . . If such reasonable cause is not established, the case must be transferred to the juvenile court." (*Id.* at p. 550.) But *Manduley* involved the prosecution of several minors commenced by the filing of a felony complaint (*id.* at p. 546) and the above-quoted language merely explained the procedure applicable to the facts of the case. "It is well settled that language contained in a judicial opinion is '"to be understood in the light of the facts and issue then before the court, and an opinion is not authority for a proposition not therein considered."'" (*People v. Banks* (1993) 6 Cal.4th 926, 945.) *Manduley* did not consider or discuss the issue of how an adult criminal prosecution of a juvenile under Proposition 21 must be commenced.

Finally, defendant seeks to uphold his strained construction of section 707(d)(4) by relying on the legal urban myth that the commencement of a criminal prosecution by an information after a preliminary hearing before a magistrate is superior to one commenced by a grand jury indictment. In *Bowens v. Superior Court* (1991) 1 Cal.4th 36, the Supreme Court upheld California Constitution, article I, section 14.1 which bars postindictment preliminary hearings. In that opinion, the court

10

discussed the "important goals" provided by "utilization of the grand jury indictment process." (*Bowens v. Superior Court, supra,* at p. 43, fn. 3.)  As noted above, *Guillory* found use of the grand jury procedure does not give a prosecutor any more of an unfettered right to prosecute a defendant than a case commenced by felony complaint followed by a preliminary hearing before a magistrate.  (*Guillory v. Superior Court, supra,* 31 Cal.4th at p. 174.)  *Guillory* also explained, "'the role [of] the grand jury'" is that of "'a judicial body'" which "'is to "determine whether probable cause exists to accuse a defendant of a particular crime." [Citation.]  In this capacity, the grand jury serves as the functional equivalent of a magistrate who presides over a preliminary examination on a felony complaint.  "Like the magistrate, the grand jury must determine whether sufficient evidence has been presented to support holding a defendant to answer on a criminal complaint." [Citation.]  Thus, the grand jury serves as part of the charging process in very much the same manner as does a magistrate in a prosecution initiated by complaint.'" (*Ibid.*)

If, as defendant urges, the prosecutor in this case failed to comply with his statutory obligation to "inform the grand jury of [the] nature and existence" of "exculpatory evidence" of which he "is aware" (Pen. Code, § 939.71, subd. (a)), upon remand he may refile and proceed with his motion to dismiss the indictment.  (See *Johnson v. Superior Court* (1975) 15 Cal.3d 248, 253-255; *McGill v. Superior Court* (2011) 195 Cal.App.4th 1454, 1463, 1515-1516; *Berardi v. Superior Court* (2007) 149 Cal.App.4th 476, 481.)

We conclude the trial court erred in sustaining the demurrer to the indictment.

11

DISPOSITION

The order sustaining the demurrer to the indictment is reversed and the matter remanded to the superior court for further proceedings not inconsistent with this opinion.



RYLAARSDAM, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

Filed 5/1/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G048659 |
| v. | (Super. Ct. No. 12ZF0158) |
| ISAIAS ARROYO, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | |

Plaintiff and Appellant has requested that our opinion in this matter filed April 28, 2014, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.