LIU, J.,
Concurring.—I agree with today’s opinion that Welfare and Institutions Code section 707, subdivision (d)(4) does not require prosecution by way of a preliminary hearing before a magistrate in discretionarily filed cases under section 707, subdivision (d)(2). I also agree that because “ ‘the grand jury serves as the functional equivalent of a magistrate who presides over a preliminary examination on a felony complaint’ ” (Guillory v. Superior Court (2003) 31 Cal.4th 168, 174 [1 Cal.Rptr.3d 879, 72 P.3d 815]), the grand jury must make a finding “that reasonable cause exists to believe the minor comes within the provisions of Welfare and Institutions Code section 707(d)[(4)].” (Maj. opn., ante, at p. 595.)
But I question the propriety of the court’s declaration that “[s]uch a finding may, but need not, be express.” (Maj. opn., ante, at p. 595.) Here, the grand *599 jury made an express finding that Arroyo “was fourteen (14) years of age and older when [he] committed an offense in violahon of Section 187(a) of the Penal Code which, if committed by an adult, would be punishable by death or imprisonment in the state prison for life.” Thus, the issue of whether such a finding must be express is not before us, and the court’s pronouncement is dictum.
In all other respects, I join the court’s opinion.
Kruger, J., concurred.