Filed 6/15/16  P. v. Gallegos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063786 |
| v. | (Super.Ct.No. SWF1101186) |
| JASON ANDREW GALLEGOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant and appellant Jason Andrew Gallegos appeals from an order denying

his petition for resentencing under section 1170.18.[1]  In 2011, defendant pleaded guilty to

one count of commercial burglary, a felony, under section 459.  The trial court denied

defendant's petition, finding that the commercial burglary offense did not qualify as

misdemeanor shoplifting under section 459.5.  On appeal, the parties focus on the

shoplifting issue, disagreeing sharply on whether defendant's conviction should be

reclassified from felony burglary to misdemeanor shoplifting.  After reviewing the

record, however, we conclude the record of conviction is too limited to find that

defendant has met his burden of proof to justify granting his petition.  We affirm the trial

court's order denying the petition.

II

FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Underlying Offense of Commercial Burglary*

The record of conviction includes the charging document, the felony plea, and the

hearing transcript.  The felony complaint, filed on June 2, 2011, alleged six counts, plus

additional allegations.  Counts 1 and 3 alleged that, on April 5, 2011, defendant "did

wilfully and unlawfully enter a certain building located at BRAND X LIQUOR 41740

IVY ST., MURRIETA, with intent to commit theft and a felony." (§ 459.)  Counts 2 and

_____

[1] All statutory references are to the Penal Code unless stated otherwise.

4 alleged that, on April 5, 2011, defendant "did wilfully and unlawfully make, pass, utter, publish, or possess, with intent to defraud any other person, a FRAUDULENT CHECK." (§ 476.)

Count 5 alleged defendant's possession of methamphetamine, a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) Count 6 charged defendant with resisting arrest. (§ 148, subd. (a)(l).) It was further alleged that defendant had one prison prior (§ 667.5, subd. (b)), and one strike prior (§§ 667, subds. (c) & (e)(l), 1170.12 subd. (c)(l)).

There was no preliminary hearing. After initially pleading not guilty, defendant pleaded guilty on September 22, 2011, to one count of second-degree felony burglary (§ 459) and admitted the strike prior. (§ 667, subds. (c) and (e)(1).) Counts 2 through 6 were dismissed in the interests of justice. (§ 1385.) The court sentenced defendant to two years in prison, which was doubled due to the strike, for a total of four years in prison.[2]

B. *The Petition for Resentencing*

On December 10, 2014, defendant filed a petition for resentencing as a misdemeanant pursuant to section 1170.18. The district attorney responded that defendant is not entitled to relief because he did not commit a qualifying felony; instead, he "went into liquor store with stolen checks & tried to cash them. Entered w/ intent to commit ID theft in addition to larceny." In opposition, the People maintained that the

---

[2] Defendant has been released from prison.

check-related offenses actually occurred on two days, April 5 and April 8, 2011, and the store manager had called the police the second time. The People argued defendant did not meet his burden of proof to show he was guilty of misdemeanor shoplifting (§ 459.5) rather than felony burglary. (§ 459.)

In his reply, defendant asserted that the two fraudulent checks listed himself as the payee and Scottys Tuxedo Warehouse as the payor. He attached photocopies of one check payable for $400 and one check payable for $550. Defendant asserted he was eligible for resentencing, arguing he should be resentenced for misdemeanor forgery.

On May 15, 2015, the court denied defendant's petition for resentencing. The court noted that defendant was convicted of burglary, not forgery, and a new additional category of burglary is shoplifting under section 459.5. The court commented the dictionary defines shoplifting as "the stealing of displayed goods from a shop." The court held the plain meaning of the word should be applied: "Under no plain-meaning definition of that word do I find that entering any business with the intent to cash a fraudulent check falls within the plain meaning of the term 'shoplifting'." Otherwise, section 459.5 could have been titled, "Thefts Under $950" instead of "Shoplifting." Accordingly, because defendant was convicted of burglary, not forgery, the court found defendant did not engage in misdemeanor shoplifting as defined in section 459.5, and was therefore not entitled to relief under section 1170.18. The court denied defendant's petition for resentencing.

4

III

DISCUSSION

*A. Standard of Review*

On November 4, 2014, California voters enacted the Safe Neighborhoods and Schools Act (Proposition 47, or the Act, effective 11/5/14). (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The Act reclassified certain theft- and drug-related crimes from felonies to misdemeanors unless they were committed by ineligible defendants. (*Rivera,* at p. 1091.) It also established a procedure for qualifying defendants to petition for recall and resentencing of their prior convictions. (§ 1170.18, subd. (a).) If a person satisfies the statutory criteria, he is eligible to have his sentence recalled and to be resentenced as a misdemeanant, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Reviewing courts independently determine issues of law, such as the interpretation and construction of statutory language. (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) The interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. (*People v. Park* (2013) 56 Cal.4th 782, 796.)

First, the language of the statute is given its ordinary and plain meaning. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) Second, the statutory language is construed in the context of the statute as a whole and within the overall statutory scheme

5

to effect the voters' intent.  (*Ibid.*)  "The drafters of an initiative and the voters who enacted it are presumed to have been aware of the existing statutory law and its judicial construction.  [Citations.]"  (*People v. Superior Court* (*Gevorgyan*) (2001) 91 Cal.App.4th 602, 610, disapproved of on other grounds by *Guillory v. Superior Court* (2003) 31 Cal.4th 168, 178, fn. 5; see *Anderson v. Superior Court* (1995) 11 Cal.4th 1152, 1161 [voters are presumed to know the law]; *People v. Weidert* (1985) 39 Cal.3d 836, 844 ["The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted"].)

Third, where the language is ambiguous, the court will look to "other indicia of the voter's intent, particularly the analyses and arguments contained in the official ballot pamphlet."  (*Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 901.)  Any ambiguities in an initiative statute are "not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent."  (*People v. Cruz* (1996) 13 Cal.4th 764, 783.)

*B.   Section 459.5*

Proposition 47 reduced the penalties for a number of crimes, including second degree burglary, where a defendant "enters a commercial establishment with the intent to steal.  Such offense is now characterized as shoplifting" under new section 459.5, which requires shoplifting to be punished as a misdemeanor.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879; *People v. Contreras* (2015) 237 Cal.App.4th 868, 890.)

Section 459.5 states:  "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that

6

establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with the intent to commit larceny is burglary. . . . "(§ 459.5, subd. (a).) Therefore, shoplifting under section 459.5 requires the following elements: (1) entry into a commercial establishment; (2) while the establishment was open during regular business hours; and (3) with the intent to commit theft. (CALCRIM No. 1703.) If the value of the property taken, or intended to be taken, is more than $950, the crime constitutes burglary. (§ 459; CALCRIM No. 1700.)

"The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief. For example, to qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered 'a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours,' and whether 'the value of the property that [was] taken or intended to be taken' exceeded $950." (*People v. Contreras, supra,* 237 Cal.App.4th at p. 892.)

On appeal, defendant contends that entering a store with the intent to cash fraudulent checks, not exceeding $950, satisfies the elements of the crime of shoplifting. The People counter that defendant is not eligible for resentencing because the burglary was not committed for the purpose of stealing merchandise but for the purpose of passing a fraudulent check. (See *People v. Williams* (2013) 57 Cal.4th 776, 780, 788.)

However, in this case the sparse record of defendant's conviction does not establish that defendant entered a commercial establishment to pass a forged check. The

7

record of a conviction based on a guilty plea includes the charging instrument, the defendant's guilty plea, and the preliminary hearing transcript if there is one. (*People v. Reed* (1996) 13 Cal.4th 217, 223-229.) Here, defendant waived a preliminary hearing. Accordingly, the record of conviction consists solely of the felony complaint, the change of plea form, and the transcript of the change of plea hearing. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120-1123.) Counts 1 and 3 of the complaint do not allege that the victim, BRAND X LIQUOR, was a commercial establishment or that that the objective of the burglary was to pass a forged check. The dismissed forgery counts 2 and 4 describe the charged offenses as including the intent to pass a forged check but they do not refer to BRAND X LIQUOR or any commercial establishment as the locus or the victim of the crime. Accordingly, the record does not contain any information which supports the People's contention that defendant's burglary does not qualify as shoplifting.

By the same token, however, the record of conviction also does not demonstrate that defendant entered for the purpose of stealing merchandise as opposed to passing a forged check. Nor does it establish that any property defendant stole or intended to steal was valued at less than $950 or that the store was "open during regular business hours" at the time the theft occurred. (§ 459.5, subd. (a).) Accordingly, the record of conviction neither supports nor refutes a factual basis for resentencing under section 1170.18.

IV

DISPOSITION

Defendant pleaded guilty to commercial burglary. The record of conviction does not demonstrate defendant was guilty of either shoplifting or check forgery. The trial

8

court correctly found defendant was ineligible for resentencing on shoplifting under Proposition 47.  We affirm the trial court's denial of the petition for resentencing without prejudice to filing a new petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.